On January 21, 1997, an indictment was filed in the Clark County Common Pleas Court charging Simon Demmons and Dedrick Oliver with selling or offering to sell crack cocaine in the amount of less than one gram. Additional charges included possession of crack cocaine in an amount exceeding ten grams and destruction of evidence. At the time of the charges, Demmons was eighteen years of age.
Initially, Demmons entered a plea of not guilty, but on April 8, 1997, Demmons and his co-defendant both pled guilty to possession of crack cocaine in exchange for dismissal of the remaining charges. The State also agreed to recommend no more than five or six years imprisonment. When the pleas were taken, both defendants were represented by separate, appointed counsel. Additionally, on the day of the hearing, a four-page written plea agreement, reflecting the specific terms of the agreement between the State and Demmons, was filed.
During the plea hearing, the trial court questioned Demmons in accordance with Crim. R. 11 requirements and specifically asked about the contents of the plea agreement. Demmons indicated that he had read the plea agreement and understood it. He also said he was satisfied with the representation of his attorney. The court explained that potential penalties for the crime ranged from two to eight years imprisonment, and emphasized that probation was not a possibility. In particular, the court commented as follows:
 The prison term in this case is a mandatory prison term. In other words, the Court must impose some prison term. The court cannot grant probation.
 Do you each understand that? It's a non probationable offense.
* * *
 When you plead guilty, you'll have to receive some prison sentence; and that range is from two years up to eight years. Two years is the minimum. Eight years is the maximum.
Both defendants responded by stating that they understood.
At the end of the plea hearing, the court said a pre-sentence investigation would be conducted, and also indicated that if either defendant wished to present any statements to the Probation Department during the investigation, they should do so. Subsequently, in an entry filed on May 12, 1997, the court noted that a sentencing hearing had been held on April 21, 1997. Neither the transcript of the sentencing hearing nor the pre-sentence investigation report is contained in the court file. However, in the sentencing entry, the trial court made a specific finding under R.C. 2929.14(B) that the shortest sentence would demean the seriousness of Demmons' conduct and would not adequately protect the public. Accordingly, the court sentenced Demmons to six years imprisonment.
Demmons then appealed from the trial court's decision, and now raises the following assignments of error:
 I. Defense counsel's representation was ineffective assistance of counsel.
 II. Appellant's counsel's deficient performance prejudiced him and deprived him of his right to a fair and impartial trial.
 III. Appellant did not knowingly and intelligently waive his right to trial.
 IV. The Appellant's 5th, 6th, 8th, and 14th Amendment constitutional rights were violated by counsel, by the court and by the statutes.
The State did not file a brief in this case, but did respond to a show cause order. In its response, the State said it would rely on the record and on the fact that Demmons' plea was voluntarily and intelligently made. We have, therefore, considered the case without benefit of an appellee's brief. Despite this fact, we find the assignments of error without merit and affirm the judgment of the trial court. Our reasons for doing so are set forth below.
 I
In the first assignment of error, Demmons claims his attorney was ineffective because the attorney led Demmons to believe that a guilty plea would result in community control sanctions rather than a prison term. In support of this contention, Demmons has submitted an affidavit discussing conversations he had with his attorney. However, these discussions are not part of the trial record. The law is well-settled that when allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for post-conviction relief rather than direct appeal. See, e.g., State v. Booker
(1989), 63 Ohio App.3d 459, 466, citing State v. Cooperrider
(1983), 4 Ohio St.3d 226. Accordingly, since the first assignment of error relies on facts not of record, it is overruled, without prejudice to the filing of a petition for post-conviction relief.
 II
In the second assignment of error, Demmons claims trial counsel was ineffective based on several alleged deficiencies. First, Demmons repeats his allegation from the first assignment of error concerning plea agreement misinformation. Second, Demmons claims that while a tape of the alleged drug transaction existed, his counsel did not obtain a copy of the tape to see if it contained helpful information. Third, Demmons contends that his counsel had information indicating that Demmons was a good candidate for a minimum sentence, but did not file a pre-sentence statement. To support these claims, Demmons has submitted his own affidavit as well as affidavits from his co-defendant and his mother. Additionally, Demmons has attached numerous letters, most of which were addressed to the trial judge. These letters, from neighbors, ministers, and others, indicate that Demmons' mother is an exemplary citizen and would be an excellent candidate to supervise her son. Generally, the letters also attest to Simon Demmons' good character and potential for rehabilitation.
The first two contentions concern matters outside the appellate record and thus are not reviewable on direct appeal. The failure of trial counsel to file a pre-sentence statement was not ineffective representation because these materials were submitted to the trial court in the pre-sentence report prepared by the Clark County Probation Department. As a result the second assignment of error must also be overruled, without prejudice to the filing of a petition for post-conviction relief.
 III
In the third assignment of error, Demmons argues that he did not knowingly and intelligently waive his right to trial. Demmons' claim in this context is once again based on information not of record, i.e, on the fact that because Demmons was allegedly told he would receive community control, he was not aware of the primary consequences of relinquishing his rights. Since we cannot consider matters not in the record on direct appeal, this assignment of error is also overruled, without prejudice to the filing of a petition for post-conviction relief. In this regard, however, we do note the trial court's explicit statements on the record that probation was not available and that a term of imprisonment had to be imposed. We remind the defendant of the Ohio Supreme Court's admonition that "[w]hile compliance with Crim. R. 11 does not absolutely immunize a guilty plea from collateral attack, * * * a record reflecting compliance with Crim. R. 11 has greater probative value than the record containing a signed statement." State v. Kapper (1983), 5 Ohio St.3d 36, 38.
 IV
The final assignment of error raises claims based on violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Demmons is not clear in his brief as to the specific grounds for these alleged violations and cites no case authority. Demmons does focus again on the lack of effective assistance of counsel, and argues that this lack made the court's action in imposing sentence a violation of due process as well as cruel and unusual punishment. To the extent this assignment of error relies on matters outside the record, it is overruled, without prejudice, for the reasons stated above. However, to the extent that Demmons' argument can be interpreted as raising an abuse of discretion by the trial court in imposing sentence, we will consider the merits of that position.
Under sentencing guidelines applicable to Demmons, possession of crack cocaine in an amount between five and twenty-five grams is a felony of the second degree, requiring the court to impose a mandatory prison term of two to eight years. See, R.C.2925.11(C)(4)(d); R.C. 2929.13(F)(4); and 2929.14(A)(2). Furthermore, R.C. 2929.14(B) indicates that the court must impose the shortest prison term authorized if two conditions apply: 1) the court is required by statute to impose a prison term; and 2) the offender has not previously served a prison term. Therefore, in this case, if Demmons had not previously served a prison term, the court would have been required to sentence him to only two years on the possession charge.
However, R.C. 2929.14(B) qualifies the above rule by allowing the trial court to impose a greater penalty if "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
The defendant informed the probation department of the following concerning his involvement in the instant offense:
 "Me and Dedrick were in Springfield with two females, Kim and Tina. We decided to go over to a guy's house (indicating Shawn — last name unknown) who we knew sold both cocaine and weed to purchase some of both. When we arrived at the residence we asked to buy some of both. We were informed that we could purchase the desired cocaine, but would have to wait to get weed. We purchased the cocaine and was waiting to purchase the weed because one of the two guys left to get it. While we waited Derrick, who we knew as Rick, rolled up a joint which he laced with cocaine. While we watched TV and smoked a couple of joints we also made a few sales. Shawn came back and informed us that his connect was to meet him at the gas station and gave Derrick a package which contained some cocaine. Fifteen to twenty minutes later the police raided the apartment."
 In additional conversation with this probation officer Demmons related "I'm not excusing what I did because I was wrong, but the way they make it out sounds like we were really big time, nothing could be further from the truth."
 When questioned concerning any possible substance abuse problems the defendant stated "I admit that I have a cocaine problem. I sold crack to smoke crack, to maintain my habit."
 The defendant related that he began smoking marijuana at the age of seventeen and that he smoked from that time on to the date of his arrest for this offense on what he described as on an almost daily basis. The defendant related that he has had no previous drug treatment.
The police report submitted as part of the probation report indicated that 20 plus grams of crack cocaine and $920 were confiscated at the time of the defendant's arrest.
We are satisfied from an examination of the record that the trial court did not abuse its discretion in finding that the shortest prison term would demean the seriousness of the defendant's conduct and not adequately protect the public from future crimes by him. State v. Mays (1995), 104 Ohio App.3d 241. The defendant may however be eligible at some time in the future for "judicial release" pursuant to R.C. 2929.20. The fourth assignment of error is overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
Copies mailed to:
Stephen A. Schumaker
Sipi L.A. Pierce
Hon. Gerald Lorig