Defendant-appellant Douglas G. Hannan appeals his conviction of felonious assault which was entered upon a jury verdict in the Jefferson County Common Pleas Court. For the following reasons, the judgment of the trial court is affirmed.
On the night of June 9, 1996, appellant, a police officer in Toronto, Ohio, hit his ex-wife, Lori Hannan, in the face several times as their six year old son watched. Lori called the Jefferson County Sheriff's Department. Appellant picked up the phone and said, "I knocked the shit out of her. Come and get me." Lori's mother, Donna Manning, also got a phone call and rushed to assist her daughter. When Donna arrived with Lori's brother, James Manning, Lori was sitting on the floor asking for help, her face swollen and bloody. Donna called the ambulance that took Lori to the hospital where she stayed until June 12, 1996.
As Donna was attending to Lori, James took appellant outside to talk. Appellant allegedly stated that he was tired of Lori "running her mouth" so he started beating her. James also testified that appellant threatened to kill Lori and her boyfriend. When the sheriff's deputies arrived, appellant walked to their cruisers and said, "Take me. Domestic violence." As Deputy Todd Scott drove appellant to the police department, appellant related that he and Lori were fighting over money, the divorce, and the fact that appellant allowed their six year old son to ride a jet-ski by himself which led to his broken leg. Appellant told the deputy that Lori got in his face and told him to hit her so he did.
Appellant was originally charged with domestic violence, but when the prosecutor saw Lori's bruised face and swollen shut eyes and was informed that she suffered fractures at the tip of her nose and under her eye, he elevated the charge to felonious assault. Appellant was indicted on June 13, 1996. From this time until the trial began on September 30, 1996, it appears that appellant and his attorney, William Reed, attempted numerous tactics which one can reasonably surmise were designed to have the charges dismissed or reduced.
Appellant started to work on reconciling with Lori. He talked her into asking the prosecutor to drop the charge but the prosecutor refused. Appellant then persuaded Lori to file a lawsuit against the prosecutor's office for invasion of privacy as her medical status and pictures of her bruised face had been released to the media. At the request of appellant, Attorney Reed found a lawyer for Lori to file her privacy lawsuit. Attorney Reed allegedly told appellant that the lawsuit would result in the prosecutor's office having a conflict of interest and a special prosecutor being appointed who would be more likely to offer a favorable plea. However, the prosecutor's office was not disqualified from prosecuting the case against appellant. A plea to first degree misdemeanor domestic violence was offered to Attorney Reed. Appellant alleges that Attorney Reed did not immediately convey the offer to him and later downplayed its importance.
Appellant's case proceeded to trial. Appellant testified that he hit Lori until she fell to the floor. He declared self-defense, claiming that Lori hit him in the mouth first. On October 1, 1996, the jury convicted appellant of felonious assault. Thereafter, appellant was sentenced to four to fifteen years in prison. A timely appeal was filed. On March 18, 1997, before any appellate briefs were filed, appellant filed a petition for post-conviction relief requesting an evidentiary hearing on whether he was denied effective assistance of counsel due to his attorney's preoccupation with Lori's civil suit against the prosecutor's office.
On March 31, 1997, the court denied appellant's request for an evidentiary hearing and dismissed the petition. On April 10, 1997, the court released its findings of fact and conclusions of law. The court stated that appellant was more involved in Lori's lawsuit than was Attorney Reed and refused to reward appellant for his scheming. The court also stated that downplaying the offer to plead to domestic violence is not ineffective assistance, especially since appellant is a police officer who would not be able to carry a gun ever if he pled to domestic violence.
A notice of appeal was not filed from the dismissal of the petition. However, appellant's brief which was filed in July 1997 contains an assignment of error that proceeds as if the October 1996 appeal of the conviction encompasses the April 1997 denial of post-conviction relief. Appellant's first assignment of error contends:
 "THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT WHEN IT OVERRULED APPELLANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT GRANTING THE EVIDENTIARY HEARING AND IN ESSENCE DETERMINING THAT APPELLANT'S PETITION DID NOT CONTAIN SUBSTANTIVE GROUNDS FOR RELIEF NOTWITHSTANDING THE SUPPORTING AFFIDAVITS AND OTHER DOCUMENTARY EVIDENCE ATTACHED TO APPELLANT'S PETITION."
Because appellant failed to appeal the trial court's April 10, 1997 journal entry, we cannot address any argument which arises out of the court's refusal to hold an evidentiary hearing. Moreover, appellant is not permitted to assign errors in the direct appeal of his conviction on matters that occurred outside of the record. State v. Cooperrider (1983), 4 Ohio St.3d 226. Accordingly, this assignment of error is overruled.
Appellant's second assignment of error alleges:
 "APPELLANT WAS DENIED HIS RIGHT TO COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION BY HIS CRIMINAL TRIAL ATTORNEY'S REAL AND EXTENSIVE CONFLICT OF INTEREST THAT JUSTICE AND FUNDAMENTAL FAIRNESS REQUIRES THIS COURT TO SET ASIDE THE JURY VERDICT AND GRANT APPELLANT A NEW TRIAL."
In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove (1) that defense counsel's performance was deficient and (2) that counsel's poor performance prejudiced the defense. State v. Reynolds (1998),80 Ohio St.3d 670, 674, citing Strickland v. Washington (1984),466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonableness. Id. See, also, State v. Peterson (Mar. 6, 1998), Jefferson App. No. 96-JE-35, unreported, 4; In re Roux (Aug. 24, 1998), Noble App. No. 238, unreported, 2. The defendant must produce evidence that counsel acted unreasonably by substantially violating essential duties. State v. Sallie (1998), 81 Ohio St.3d 673,674, citing State v. Keith (1997), 70 Ohio St.3d 514, 534. Because attorneys are presumed competent, reviewing courts refrain from second-guessing strategical decisions and strongly presume that counsel's performance falls within a wide range of reasonable legal assistance. State v. Carter (1995), 72 Ohio St.3d 545,558.
Upon demonstrating counsel's deficient performance, the defendant then has the burden of establishing prejudice to the defense as a result of counsel's deficiency.Reynolds, supra at 674. The reviewing court looks at the totality of the evidence and decides if there exists a reasonable probability that were it not for serious errors made, the outcome of the trial could have been different.Strickland, supra at 695-96. A reasonable probability is one sufficient to undermine confidence in the outcome. Id. See, also, State v. Bellish (Mar. 31, 1998), Mahoning App. No. 87-CA-78, unreported, 4.
As previously held, because this appeal only encompasses the direct appeal from appellant's conviction, we are only reviewing the record to determine if there were any instances of ineffective assistance of counsel. SeeCooperrider, supra. The allegations about conflict of interest of trial counsel are based upon facts dehors the record and so we can award appellant no remedy on direct appeal. Id. Thus, appellant argues that the record is sufficient in itself to establish that appellant was denied effective counsel. Appellant essentially outlines five instances of ineffective assistance of counsel which occurred on the record.
First, appellant argues that counsel was ineffective because he filed a pre-trial motion requesting that appellant's six year old son not be permitted to testify. Both parties then stipulated that the child would not be utilized in court. Appellant contends that his son should have been called to testify because he could have corroborated appellant's self-defense story. Nonetheless, counsel's decisions on which witnesses to call fall within the realm of trial strategy and will not usually constitute ineffective assistance of counsel.State v. Clayton (1980), 62 Ohio St.2d 45, 49. Counsel's motion in limine which stated that both parents strongly oppose their child being called as a witness is not an example of deficient performance. Such a motion is within "the wide range of reasonable professional assistance." See State v. Thompson
(1987), 33 Ohio St.3d 1, 10. Moreover, there is no evidence that the child would have testified that Lori hit appellant first. Further, there is no showing that the court would have allowed the child to testify pursuant to Evid.R. 601 (A) which states that a child under ten years of age is not a competent witness unless that child can receive just impressions of the facts and relate those impressions truthfully. Therefore, appellant has not demonstrated that he was denied effective assistance of counsel in this instance.
Appellant next alleges that counsel was ineffective when he filed a pre-trial motion which claimed that prosecutorial vindictiveness was the reason that appellant's charge was increased from domestic violence to felonious assault. Appellant also decries the pre-trial motion which alleged that the state benefitted from appellant's unflattering personnel records which were stolen from the Toronto Police Chief's office. Appellant does not allege how these motions demonstrate deficient performance. Furthermore, there is no suggestion as to how these motions prejudiced his defense. In accordance, ineffective assistance is not apparent in these two allegations.
Appellant's fourth allegation of ineffective assistance of counsel claims that counsel erred by informing the jury that appellant acted in self-defense and then by failing to offer evidence that would support such a theory. Appellant testified that Lori hit him in the mouth first so he hit her until she fell down. He said that he needed to defend himself. The jury apparently did not believe him. Appellant fails to identify what evidence counsel could have offered to support his defense other than the testimony of his son which we previously discussed. Accordingly, evidence supporting this claim of ineffective assistance of counsel is lacking.
Lastly, appellant alleges that he was denied effective assistance of counsel when his attorney failed to put on medical evidence to counter the serious physical harm element of felonious assault. The three physicians who examined Lori testified for the state. Appellant's counsel cross-examined them about whether the two small facial fractures could have existed before appellant hit Lori. The doctors stated that it was possible but not probable. Counsel also brought out on cross-examination the question of whether Lori's temporary hearing loss was due to a history of ear infections rather than appellant's hands. The aforementioned portions of the record establish a reasonable attempt to rebut the state's contentions about the extent of harm inflicted upon Lori.
Moreover, in his response to discovery, counsel listed Dr. Margaret Bush as a witness. Three weeks, later he changed the expert witness to Dr. Cyril Wecht. However, no expert was called on behalf of the defense. Appellant fails to allege that either doctor would have testified favorably. See State v.Coleman (1989), 45 Ohio St.3d 307, 308-09 (holding that an appellant must show that the defense was prejudiced by the failure to present certain expert testimony). It is possible that they were not called because their testimony would have only served to buttress the state's claim that Lori was seriously injured. As explained in Carter, supra:
 "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel. To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 558. See, also, Sallie, supra.
We view counsel's failure to call a defense expert on Lori's medical condition as a tactical decision which is encompassed in an attorney's wide range of discretion when planning a trial strategy. Accordingly, this assignment of error lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 ------------------------- JOSEPH J. VUKOVICH, JUDGE