OPINION
Defendant, Alonzo Leigh, appeals from his conviction and sentence for possessing crack cocaine.
Alonzo Leigh was indicted by the Montgomery County grand jury on one count of possessing crack cocaine in violation of R.C.2925.11(A). Pursuant to a plea agreement, Leigh entered a guilty plea to the charge. The trial court sentenced Leigh to six months imprisonment, consecutive to the sentence imposed in case 96-CR-3621, and suspended Leigh's driver's license for a period of six months.
Alonzo Leigh has timely appealed to this court from his conviction and sentence. Leigh challenges the validity of his guilty plea and the manner in which defense counsel represented him. For the reasons which follow, we reject Leigh's claimed errors and affirm his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN ACCEPTING DEFENDANT'S GUILTY PLEA WHEN IT WAS NOT INTELLIGENTLY AND KNOWINGLY TENDERED.
Crim.R. 11 governs the acceptance of guilty pleas in felony cases and provides in relevant part:
 (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at trial at which he cannot be compelled to testify against himself.
Alonzo Leigh acknowledges that the trial court performed each of the above enumerated steps before accepting his guilty plea. Leigh nevertheless argues that the trial court did not do enough to adequately determine whether he truly understood the rights he was giving up by pleading guilty, and whether his plea was knowing and voluntary in any meaningful sense.
While a trial court must strictly and literally comply with the constitutional provisions of Crim.R. 11(C)(2), it need only substantially comply with the remaining non-constitutional provisions. State v. Nero (1990), 56 Ohio St.3d 106. Defense counsel went over the plea form with Leigh in open court prior to the trial court conducting its own colloquy with Mr. Leigh. Defense counsel then represented to the trial court that he had explained Leigh's rights to him as set out on the plea form, and that Leigh indicated he understood those rights. Alonzo Leigh then told the trial court that he understood the plea form. A discussion between the trial court and Mr. Leigh concerning Leigh's rights followed.
A review of the record of that colloquy clearly demonstrates that the trial court adopted the "better practice" in this case and scrupulously complied with each and every provision of Crim.R. 11(C)(2). The trial court carefully and thoroughly explained each provision to Mr. Leigh, and obtained Mr. Leigh's express assurance that he understood those matters before proceeding on to the next provision. Moreover, the trial court explained to Mr. Leigh various matters concerning revocation of his current probation, "bad time," and post release control which are not even required in Crim.R. 11(C)(2). Throughout this process the trial court repeatedly encouraged Mr. Leigh to speak up if at any time he did not understand.
On this record, it is apparent that the requirements of Crim.R. 11(C)(2) were strictly followed, and that the trial court did far more than is required by law to ensure that Leigh understood the consequences of pleading guilty and that Leigh was entering his plea voluntarily.
Leigh's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE APPELLANT WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF HIS APPOINTED TRIAL COUNSEL.
The standard for judging the quality of representation by defense counsel in a criminal case is set forth in Strickland v.Washington (1984), 466 U.S. 668. In reviewing that standard the Ohio Supreme Court in State v. Bradley (1989), 42 Ohio St.3d 136,142, stated:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are" * * * countless ways to provide effective assistance in any given case. * * *" Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Leigh alleges that defense counsel's representation was deficient because counsel failed to file a motion to suppress the cocaine which forms the basis of this charge. Leigh suggests that the cocaine was illegally seized by police and a motion to suppress would have arguably disposed of the case in Leigh's favor. The facts concerning how police seized the cocaine which Leigh is charged with illegally possessing are not in the record before this court. Therefore, it is impossible to determine whether defense counsel was ineffective in his representation of Leigh. The proper vehicle for adjudicating this claim is post-conviction relief pursuant to R.C. 2953.21, not direct appeal. State v. Cooperrider (1983), 4 Ohio St.3d 226.
Next, Leigh complains that defense counsel sprang the plea agreement upon him, not allowing Leigh time to consider and weigh his options. The record before us does not support this claim. The record demonstrates that prior to the court's plea colloquy with Leigh, defense counsel went over the plea form with Leigh, explaining the form to him. The record does not reveal, however, the amount of time this process took or the nature and extent of that discussion. This record also fails to demonstrate whether Leigh and his attorney discussed the plea offer prior to coming into court.
We do note that at no time during the plea proceedings below did Leigh register an objection that he had not had sufficient time to consider the State's offer and decide whether to plead guilty or proceed to trial. On this record, Leigh has failed to demonstrate deficient performance by his defense counsel.
Leigh's second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.