OPINION
Appellant Larry Culbertson appeals his conviction, in the Stark County Court of Common Pleas, for one count of aggravated robbery. The following facts give rise to this appeal. On December 11, 1999, appellant entered Rastetter's grocery store and robbed Donna Anderson, the cashier at the store's front counter. Appellant held a knife to Anderson's back and ordered her to empty the cash register drawer and the lottery drawer. Anderson estimated that the cash register drawer contained approximately $700, however, she did not know how much money was in the lottery drawer. During the robbery, a regular customer, William Martin, entered the store. Martin spoke to appellant, but appellant did not respond. Martin quickly turned and left the store. William DiFloure, an employee of Rastetter's store, was also working on the evening of the robbery. DiFloure was cleaning out the meat in the deli counter, about thirty feet from the cashier's counter. DiFloure observed a man, behind the cashier's counter, wearing a red, checkered coat. The man had braided hair. He could not see the man's facial features. DiFloure knew that something was happening by the positioning of the man and Anderson. DiFloure went to the back of the store and pushed a silent alarm button. Alliance City Police Officers Matthew Beech and his partner Officer LaNave arrived at the store within two minutes of receiving the radio dispatch. Donna Anderson described the robber to Officer Beech. William DiFloure also spoke to Officer Beech and indicated that he knew the name of the customer that talked to the robber as "William." Subsequently, Detective Lloyd Sampson took over the investigation. Before being assigned to the case, Detective Sampson received an anonymous telephone call from a woman who identified appellant as the robber. That same day, Lieutenant Wayt, the day's shift commander, also received an anonymous telephone call that appellant committed the robbery at Rastetter's. After being assigned to the case, Detective Sampson interviewed William DiFloure. From a photo array presented by Detective Sampson, DiFloure identified appellant as the robber. While at the grocery store, Detective Sampson telephoned William Martin, who admitted that he walked in on the robbery. Approximately fifteen minutes later, Detective Sampson met with William Martin at the Alliance Police Department. Martin gave a taped statement and identified appellant as the robber. Martin also identified appellant as the robber from a photo array. Following this interview, Detective Sampson obtained a warrant for appellant's arrest. Officers from the Alliance Police Department were unable to locate appellant at his apartment. Approximately four weeks after obtaining the arrest warrant, Detective Sampson contacted the landlord where appellant allegedly resided. The landlord consented to a search of the apartment. During the search, officers discovered three weaves or wigs of black hair. On January 20, 2000, officers arrested appellant and charged him with aggravated robbery. After a pre-trial hearing, the Alliance Municipal Court bound appellant over to the Stark County Grand Jury. On February 14, 2000, the grand jury indicted appellant on one count of aggravated robbery. At his arraignment, appellant entered a plea of not guilty and his trial commenced on April 4, 2000. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to a determinate nine year prison term. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. STATEMENTS MADE BY THE PROSECUTOR IN HER CLOSING ARGUMENT WERE SO PREJUDICIAL AND INFLAMMATORY AS TO VIOLATE APPELLANT'S CONSTITUTIONALLY PROTECTED RIGHTS.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT PERMITTED TESTIMONY AND ADMITTED EXHIBITS REGARDING MATTERS WHICH WERE DERIVED FROM AN ILLEGAL SEARCH OF APPELLANT'S APARTMENT.
 IV. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONALLY PROTECTED RIGHTS BY HIS TRIAL COUNSEL.
 I
In his First Assignment of Error, appellant contends the jury's verdict is against the manifest weight and sufficiency of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's First Assignment of Error. The jury convicted appellant of aggravated robbery. R.C. 2911.02 addresses aggravated robbery and provides, in relevant part: (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 (1) Have a deadly weapon on or about the offender's person or under the offender's control; (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another * * *.
Based on our review of the record, we conclude the jury's verdict, finding appellant guilty of aggravated robbery, is supported by the sufficiency of the evidence and is not against the manifest weight of the evidence. At trial, Donna Anderson, the cashier on duty, testified that appellant entered the store, came around the counter and ordered her to open the registers and give him the money. She also testified that appellant held a knife near her stomach. William DiFloure, who was also working on the evening of the robbery, testified that immediately after appellant left, Donna Anderson began crying and kept repeating that all she saw was the knife. Further, both Anderson and DiFloure testified that during the robbery, a regular customer entered the store, spoke to appellant briefly, and left. DiFloure identified the customer for the police. At trial, William Martin, the customer that evening, testified that he walked into the store during the robbery, recognized appellant because he has known him for over thirty years, talked to appellant and then left. Finally, during the search of appellant's apartment, the police found black hair weaves of long, black, braided hair, which is consistent with the description of the robber provided by Anderson. Appellant argues that William Martin's identification of him is unreliable because he only had a brief look at him and Martin has not been in regular contact with him. The record establishes that Martin recognized appellant immediately and even spoke to him. Also, the door where Martin entered the store is only four feet from the counter where appellant stood. Appellant also argues that the police should have lifted fingerprints at the scene. The officers concluded that prints could not be lifted because appellant did not touch the appropriate surfaces. Appellant introduced no evidence to rebut the officers' assessment. Based on the foregoing evidence, we conclude that the evidence was sufficient to support a conviction for aggravated robbery and the jury, in resolving conflicts in the evidence, did not clearly lose its way and create a manifest miscarriage of justice. Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, that the prosecutor committed prosecutorial misconduct during her closing argument. We disagree. The record indicates that defense counsel did not object to any of the comments appellant now claims resulted in prosecutorial misconduct. As such, we must review this assignment of error under a plain error analysis pursuant to Crim.R. 52(B). This rule provides as follows: (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Under this rule, notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. Cooperrider (1983), 4 Ohio St.3d 226,227. Further, the test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1991),51 Ohio St.3d 160, 165, certiorari denied 498 U.S. 1017. A prosecutor's conduct during trial cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987),33 Ohio St.3d 19, 24. In support of this assignment of error, appellant first argues that the prosecutor committed misconduct when she expressed her personal opinions about the evidence. Appellant cites to the following statement made by the prosecutor during closing argument: * * * I submit to you there is no reasonable doubt in this case. There is no doubt. You have a black male committing that robbery with the knife. Again, there is no doubt. Who committed that robbery? Larry Culbertson, and it's not just Willie Martin who told you that. Who told you that very assuredly, but it's the circumstances of Larry Culbertson taking off, having access to the hair pieces, and also the tips. Everything points to Larry Culbertson, Ladies and Gentlemen; no reasonable doubt in this case. Tr. at 175-176. Appellant also cites to the following comment made by the prosecutor:
So the explanation, Ladies and Gentlemen, is that he's telling you the truth, and again, this is the real world. This is life. This is how facts come together and the truth is told. All of the reasons in this case and all the common sense points to the fact that Larry Culbertson committed the crime of aggravated robbery at Rastetter's Market December 11, and again, I ask you to find him guilty as charged. Tr. at 186-187.
We do not find the prosecutor committed misconduct in making the above statements. Rather, the prosecutor made a fair interpretation of the evidence before the trial court. She did not express her personal belief about the credibility of the witnesses. Appellant also argues the prosecutor committed misconduct when she stated that the police received two anonymous tips, one telephone call from a female and one telephone call from a male. Tr. at 170. Appellant argues there is no evidence, in the record, that a male caller telephoned. The state concedes that based on the evidence presented at trial, it is unclear whether one of the callers was a male. However, the state did correctly inform the jury that the police received two anonymous tips indicating appellant committed the robbery. Appellant was not denied a fair trial as a result of the unintentional misstatement by the prosecutor. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court committed plain error when it permitted testimony and admitted exhibits regarding matters which were derived from an illegal search of his apartment. We disagree. The record indicates appellant never filed a motion to suppress the evidence obtained from the search of his apartment. Accordingly, appellant waived this issue for purposes of appellate review. In State v. Wade (1978), 53 Ohio St.2d 182, paragraph three of the syllabus, vacated on other grounds Wade v. Ohio (1978),438 U.S. 911, the Ohio Supreme Court held that "[t]he failure to move within the time specified by Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of the error." Thus, we conclude the prosecutor's conduct was not improper and did not prejudicially affect appellant's substantial rights. Appellant's Third Assignment of Error is overruled.
 IV
Appellant maintains, in his Fourth Assignment of Error, that he was deprived of his constitutionally protected rights by his trial counsel. We disagree. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545,558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. It is based on this standard that we review the four arguments appellant raises in support of this assignment of error. Appellant first claims he received ineffective assistance of counsel because counsel should have filed a motion to suppress the evidence obtained in the search of his apartment. In the case of State v. Parkinson (May 20, 1996), Stark App. No. 1995CA00208, unreported, at 3, we held that when counsel fails to file a motion to suppress, the record developed at trial is generally inadequate to determine the validity of the suppression motion. This reasoning is applicable to the case sub judice because based on the record, it is unclear whether a suppression motion would have been successful. In his second argument, appellant contends defense counsel wrongly failed to object to hearsay comments allegedly made throughout the course of the trial. Evid.R. 801(C) defines "hearsay" as "* * * a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Appellant maintains the trial court permitted hearsay evidence when it allowed Donna Anderson to testify as to what William Martin said when he entered the store during the robbery. The record indicates the state introduced this evidence to establish the fact that Martin knew appellant. The statement was not introduced to prove the truth of it. Appellant also claims that defense counsel should have objected to Officer Beech's testimony about information he obtained from Donna Anderson and William DiFloure on the evening of the robbery. Officer Beech did not introduce the descriptions of the robber provided by Anderson and DiFloure to prove that they were correct. Instead, the state elicited this testimony from Officer Beech to demonstrate how his investigation proceeded. Finally, appellant maintains that Detective Sampson wrongly testified that William Martin identified appellant as the robber. As above, the state introduced this evidence to establish why Detective Sampson conducted the investigation the way he did. Further, William Martin testified before Detective Sampson and stated that he told Detective Sampson that appellant committed the robbery. Appellant next argues that he received ineffective assistance of counsel because defense counsel did not object to the prosecutor's closing argument. We previously addressed the prosecutor's comments made during closing argument, in the Second Assignment of Error, and concluded the prosecutor did not commit misconduct. Therefore, defense counsel was not ineffective for failing to object. In his final argument, appellant contends defense counsel was ineffective because he failed to file a written motion for a continuance so he could secure the appearance of Kertiece Bradson as a witness. Defense counsel did ask for a continuance, in order to secure the attendance of this witness. However, upon inquiry by the trial court, the court discovered that defense counsel had not been in contact with Bradson. Further, the record supports the conclusion that Bradson's testimony would not have aided in his defense because it appears Bradson was an accomplice and had reason to implicate appellant in the crime. Based on the above, we do not find defense counsel's representation fell below an objective standard of reasonableness and violated any essential duties owed to appellant. Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed. By: Wise, J. Edwards, J., concurs. Farmer, J., concurs separately.