DECISION AND JUDGMENT ENTRY
This is an appeal from three separate Lucas County Court of Common Pleas decisions which sentenced appellant, James Kajfasz, after he pled no contest to two counts of forgery in violation of R.C. 2913.31(a)(2), two counts of forgery in violation of R.C. 2913.31(a)(3), and one count of failure to appear, in violation of R.C. 2937.29. The trial court's decision is affirmed for the reasons that follow.
On appeal, appellant, pro se, raises the following assignments of error:
 "WHETHER THE COURT ERRORED [sic] BY IMPOSING MULTIPLE SENTENCES FOR WHAT WAS A SINGLE VIOLATION OF O.R.C. § 2913.31(A)(2)
 "WHETHER O.R.C. § 2937.29 VIOLATES THIS DEFENDANTS [sic] EQUAL PROTECTION RIGHT AS GUARANTEED BY THE 14th AMENDMENT TO THE UNITED STATES CONSTITUTION
 "WHETHER COUNSELS [sic] ERRONEOUS INTERPERTATION [sic] OF § 2937.29 PREJUDICED THE DEFENDANT AND DENIED HIM EFFECTIVE ASSISTANCE"
The facts relevant to this appeal are as follows. This appeal is a consolidation of three separate lower court cases. In the first, Lucas County Common Pleas Court No. 98-2176, appellant was indicted on July 2, 1998 on four counts of check forgery, in violation of R.C. 2913.31(A)(2), which forbids any person to "forge any writing so that it purports to be genuine when it actually is spurious, or to be the act of another who did not authorize that act, or to have been executed at a time or place or with terms different from what in fact was the case, or to be a copy of an original when no such original exists." R.C. 2913.01(G) defines the term "forge" to mean "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."
On July 9, 1998, appellant pled not guilty and was released on a SOR bond as he was already in the Corrections Center of Northwest Ohio ("CCNO") on unrelated charges. A scheduled pretrial was held on July 29, 1998. However, due to a paperwork mix-up, defendant was not put on a bus to attend the pretrial. Therefore, by joint agreement of the prosecutor and defense counsel, the pretrial conference was continued until August 4, 1998. Appellant did not appear for the August 4, 1998 pretrial. According to his attorney, while at CCNO, appellant was given a furlough, went to the hospital, and did not return to jail. Due to his failure to appear at the August 4 pretrial, a capias warrant was issued for his arrest. According to appellant's brief, appellant was then arrested in January 1999.
In the second case, Lucas County Court of Common Pleas Case No. 98-2780, appellant was indicted on October 8, 1998, for failure to appear at the August 4 pretrial in the first case.
In the third case, Lucas County Court of Common Pleas Case No. 99-1235, appellant was indicted on February 12, 1999 on two counts of forgery, in violation of R.C. 2913.31(A)(3), which forbids any person to "[u]tter, or possess with purpose to utter, any writing that the person knows to have been forged." R.C. 2913.01(H) defines utter to mean "to issue, publish, transfer, use, put or send into circulation, deliver, or display." On February 24, 1999, appellant pled not guilty.
On March 11, 1999, appellant withdrew his not guilty pleas, and, relevant to this appeal, entered no contest pleas on Counts 1 and 2 of Case No. 98-2176 (Forgery), the failure to appear charge in Case No. 98-2780, and the two counts of uttering in Case No. 99-1235. These cases proceeded to sentencing on April 9, 1999. Appellant was sentenced to (1) eleven months each, to be served consecutively, on the two forgery convictions in Case No. 98-2176, (2) eleven months each, to be served consecutively, on the two forgery by uttering counts in Case No. 99-1235, and (3) two years, to be served consecutively to Case Nos. 98-2176 and 99-1235, on the failure to appear conviction in Case No. 98-2780. The remaining two counts of forgery in Case No. 98-2176 were nolled at sentencing pursuant to an agreement between the parties. Appellant appealed each of these three sentences.
In his first assignment of error, appellant argues that he should not have been convicted and sentenced separately on each of the two forgery charges in Case No. 98-2176. He argues that these charges were for violations of R.C. 2913.31(A)(2), which prohibits the creation of forged documents and that he created these checks at the same time and should only be convicted and sentenced for one count of forgery.
R.C. 2941.25(B) allows a defendant to be sentenced to multiple punishments for violations of the same statute when the offenses are "committed separately or with a separate animus as to each." In the present case, the prosecutor stated that, for Count 1, the evidence would show that, "on or about February 4th [sic], 1998, defendant Kajfasz went to the Stop N Save business in Lucas County, Ohio, with purpose to defraud and did cash a check for $737.68. The check number 7203 purports to be issued by Mathews Ford drawn on Fifth Third Bank payable to defendant. The check was cashed by Stop N Save. This was a counterfeit and spurious check * * * created by the defendant James Kajfasz and not issued by Mathews Ford, nor generated by their bank."
As to Count 2, the prosecutor stated that the evidence would show that "on or about May 6th [sic], 1998, defendant went to the Island Variety establishment in Lucas County, Ohio, with purpose to defraud and cashed a check for $373.68. Check 7203 appears to be issued by the Ohio Industrial Commission payable to defendant for final payment of a Bureau of Workers' Comp case and signed by one Charles Anderson. This check * * * was a counterfeit and spurious one generated by defendant Kajfasz and not authorized by the Ohio Industrial Commission nor signed by Charles Anderson." Based on the law and the specific facts of this case, we find that there was a separate animus in the forging of each of the two checks. Therefore, the court was able to sentence appellant separately for each count. Assignment of Error No. One is found not well-taken.
In his second assignment of error, appellant argues that R.C. 2937.29
violates the Equal Protection Clause of the United States Constitution because persons who are released on a cash bond only face an additional misdemeanor conviction for failing to appear whereas as he was released on his own recognizance with a pending felony charge, he was convicted of an additional felony charge. Initially, this court notes that this argument was not raised at the trial court level. The Ohio Supreme Court has held that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure and therefore need not be heard for the first time on appeal." State v. Awan (1986)22 Ohio St.3d 120, syllabus. Furthermore, this very issue was previously considered by the First Appellate District in State v. Pembaur (February 10, 1982), Hamilton App. No. C-800856, unreported. In that case, the court stated that
 "[t]he equal protection requirement does not prevent a state from passing legislation making a discrimination or distinction in its legislation in respect to things that are different or differences in situations provided the discrimination or distinction has a reasonable foundation or rational basis and is not palpably, purely and entirely arbitrary. The trust which is imposed when a court releases upon one's own recognizance, that is, accepting the word of a defendant that he or she will appear as required, is enough to differentiate reasonably between release under R.C. 2937.29 and other release undertakings. The difference is grounded on a rational basis."
We agree and therefore find appellant's second assignment of error not well-taken.
In his third assignment of error, appellant argues that he was denied effective assistance of counsel. Specifically, appellant argues that, in relation to his failure to appear charge, his counsel failed to inform him that he had a defense to the charge because he was never notified of the court date. Appellant states that he would not have pled no contest had he known of this possible defense to the charge.
Appellant's argument is based on discussions with his attorney which are not part of the record. "Where allegations of ineffective assistance of trial counsel are based upon facts outside the record, such claims should be raised in a post conviction relief proceeding, not on direct appeal." State v. Fredericy (March 11, 1992), Medina App. No. 2017, unreported. See also, State v. Cooperrider (1983), 4 Ohio St.3d 226,228, State v. Walker (December 29, 2000), Lucas App. No. L-99-1383, unreported. Therefore, appellant's third assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J.
 Mark L. Pietrykowski, P.J., George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.