OPINION
Defendant, Trenton L. Rolle, appeals from an order of the court of common pleas granting the State's Civ.R. 56 motion for summary judgment on Rolle's R.C. 2953.21 petition for post-conviction relief.
Rolle entered negotiated pleas of guilty to three counts of robbery on December 2, 1999. He was convicted on his plea. On December 21, 1999, the court sentenced Rolle to serve three years for each offense, the terms to run consecutively.
Rolle took no direct appeal from his conviction and sentence. On July 17, 2000, within the time that R.C. 2953.21(A)(2) requires, Rolle filed a petition for post-conviction relief. The petition was supported by Rolle's affidavit, and alleged as grounds for relief that his trial counsel was constitutionally ineffective for: (1) failure to file pretrial motions to challenge the State's evidence; (2) failure to investigate on Rolle's behalf; (3) failure to issue subpoenas; (4) failure to present mitigating evidence at Rolle's sentencing hearing; and, (5) failure to advise Rolle of his possible term of confinement and, instead, that he improperly promised that Rolle would get six months confinement and then be released on probation if he entered a guilty plea.
The State filed an answer responsive to Rolle's petition, and subsequently filed a Civ.R. 56(C) motion for summary judgment. The trial court granted the State's motion on a finding that Rolle's self-serving claims in his affidavit were insufficient to overcome the contradictory affirmations that Rolle made in the course of the Crim.R 11(C) colloquy during his guilty plea proceeding.
Rolle filed a timely notice of appeal from the summary judgment the trial court entered. He presents a single assignment of error, which states:
 DEFENDANT-APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE THEREBY DENYING HIM HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION.
Rolle argues that the trial court erred when it applied Civ.R. 56(C) as it did, because Rolle was entitled by the terms of that rule to have the evidence construed most strongly in his favor. Therefore, his affidavit was sufficient on its face to overcome whatever contrary affirmations he made when entering his plea, or at least to preserve a genuine issue of material fact for a hearing. We do not agree.
The purpose of the colloquy between the court and an accused prescribed by Crim.R. 11(C) is to insure that an accused's plea of guilty or no contest to a criminal charge is knowing, intelligent, and voluntary. State v. Ballard (1981), 66 Ohio St.2d 473. A subsequent claim of ineffective assistance of counsel which relies on facts that contradict acknowledgments an accused made during the Crim.R. 11(C) colloquy is not barred as grounds for post-conviction relief when no direct appeal was taken from the resulting conviction and sentence. State v. Cooperrider (1983), 4 Ohio St.3d 226. However, that rule does not operate to deprive the plea proceeding of the presumption of correctness which attaches to it.
Before granting a hearing on a petition for post-conviction relief the court must determine whether substantive grounds for relief are presented. R.C. 2953.21(C). A motion for summary judgment filed by the State is a proper vehicle wherein that question is presented. If the court grants the motion, it must enter findings of fact and conclusions of law in support of its order. R.C. 2953.21(G).
When making the findings and conclusions that R.C. 2953.21(G) requires the trial court may evaluate the credibility and weight of the affidavits submitted in support of the petition. State v. Moore (1994),99 Ohio App.3d 748. A petitioner's own self-serving affidavit offered in support of his claim that his trial counsel was ineffective is generally insufficient to overcome a contrary record. State v. Kapper (1983),5 Ohio St.3d 36.
Therefore,
 a petition for post-conviction relief is subject to dismissal without a hearing when the record, including the dialogue conducted between the court and the defendant pursuant to Crim.R. 11, indicates that the petitioner is not entitled to relief and that the petitioner failed to submit evidentiary documents containing sufficient operative facts to demonstrate that the guilty plea was coerced or induced by false promises.
Id., at p. 38.
The foregoing principles cause us to reject Rolle's claim that the trial court was required by his affidavits to find that a genuine issue of material fact remained for determination, and accordingly to deny the motion for summary judgment that the State filed and proceed to a hearing. The court was authorized to evaluate Rolle's claims for credibility and to reject them on that account if the court found them self-serving and contradicted by the record of Rolle's plea proceeding. Other than the claim that his attorney was ineffective for failing to offer mitigating evidence at his sentencing, each of Rolle's particular claims in support of his argument that his attorney was constitutionally ineffective are of that kind and character. The trial court did not err when it rejected them on that basis.
Rolle's claim that his attorney was also ineffective for failing to offer mitigating evidence at his sentencing proceeding is not likewise affected by his prior plea proceeding. However, Rolle does not say what evidence his attorney might have offered in that regard. Therefore, the element of prejudice required for a claim of ineffective assistance of counsel is not demonstrated. See Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, ___ L.Ed.2d ___. The trial court did not err when it rejected that claim.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.