THE STATE OF OHIO, APPELLEE, *v.* COOPERRIDER, APPELLANT.

[Cite as State *v.* Cooperrider (1983), 4 Ohio St. 3d 226.]

(No. 82-923—Decided May 11, 1983.)

227

Mr. *Michael Miller,* prosecuting attorney, and Ms. *Karen L. Martin,* for appellee.

Mr. *James Kura,* county public defender, and Mr. *W. Curtis Stitt,* for appellant.

*Per Curiam.* The issues before this court are: first, whether the charge on voluntary manslaughter was plain error and second, whether appellant was denied his right to effective assistance of counsel by defense counsel's failure to object to that charge. This court finds the answers to both questions to be in the negative.

Recently, in *State* v. *Underwood, supra,* this court had occasion to address the plain error issue. There it was held that the giving of an incorrect jury instruction on voluntary manslaughter, virtually identical to the charge given in the present case, fell short of meeting the criteria for plain error. This court noted that an erroneous jury instruction "does not constitute a plain error or defect under Crim. R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *State* v. *Long* (1978), 53 Ohio St. 2d 91, 97 [7 O.O.3d 178]. Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice. *State* v. *Underwood, supra; State* v. *Long, supra.*

It should be noted that there are factual differences between *Underwood* and the present case which must be considered in applying the plain error standard. In *Underwood* there was continuing conduct over an extended period of time. On the date of the killing, defendant initiated the contact after more than a month's separation. Defendant beat decedent and told her she was going to die. Moreover, decedent was stabbed nine times in addition to being shot. In the face of these facts this court could not conclude that "but for the error, the outcome of the trial clearly would have been other-

wise." Indeed, the three concurring justices found insufficient evidence to be reasonably supportive of a charge on voluntary manslaughter at all.

The facts in the present case are somewhat different. There was continuing conduct over an extended period of time. However, the killing occurred within a relatively short period of time after the last incident of provocation. But it is significant that appellant waited for some time, watching television until his brother fell asleep, before firing the fatal shot. Appellant also brought a loaded gun with him when he went to visit his brother, in anticipation of trouble. Moreover, appellant disposed of the gun and ensured his absence from the scene of the shooting at the time the police arrived. Under these facts the state's evidence of murder was overwhelming and there is no miscarriage of justice. This court is unable to conclude that, but for the error, the outcome would clearly have been otherwise.

With respect to appellant's next claim, the test in Ohio for determining whether an accused was provided effective assistance of counsel is "whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done." *State* v. *Hester* (1976), 45 Ohio St. 2d 71, paragraph four of the syllabus. Application of this test in deciding allegations of ineffective assistance of counsel involves two steps. First, it must be determined whether there has been a substantial violation of an essential duty owed by the defense counsel to the defendant. If such a violation is found, there must next be a determination as to whether the defense was prejudiced by such violation. *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397 [2 O.O.3d 495], vacated on other grounds (1978), 438 U.S. 910.

It may be that in the present case appellant can allege sufficient facts to state a claim of ineffective assistance of counsel. However, it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. *State* v. *Hester, supra.* Such a hearing is the proper forum for appellant's claim.

Appellant should have no fear that the doctrine of *res judicata* will prevent him from raising the issue of ineffective assistance of counsel in a post-conviction hearing. "As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, *res judicata* does not bar the adjudication of this issue in postconviction proceedings." *State* v. *Gibson* (1980), 69 Ohio App. 2d 91, 99 [23 O.O.3d 130] (Krenzler, C.J., concurring). Since it is clear that the court of appeals in the present case did not adjudicate the issue, the doctrine of *res judicata* does not apply. Thus, appellant is free to petition for a post-conviction evidentiary

hearing to develop a record upon which this issue may be more effectively addressed.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.