DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of conviction and sentence of the Ross County Court of Common Pleas. Defendant-Appellant Edward R. Singer appeals his convictions for theft, failure to comply with the order or signal of a police officer, receiving stolen property, and possession of criminal tools. Appellant asserts that he received ineffective assistance of counsel at trial. We find no merit in appellant's argument and affirm the judgment of the trial court.
 STATEMENT OF THE CASE
On the night of December 9, 1998, at approximately 10:30 p.m., three men stole two go-carts from the parking lot of the Walmart in Chillicothe, Ohio. The go-carts were chained together along the sidewalk outside the Walmart store. The men cut the chain with a pair of bolt cutters and loaded two of the go-carts into the back of a white truck. Several Walmart employees observed these events and approached the men. Realizing that they had been discovered, the men hurried into the truck and sped from the parking lot. At the request of one of the Walmart employees, certain nearby customers followed the truck from the parking lot.
Trooper Mark Leach of the Ohio State Highway Patrol was dispatched to investigate the theft. Trooper Leach caught up with the truck driving northbound on State Route 104 and pursued the vehicle for several miles. Trooper Michael Maughmer placed stop sticks on the road ahead of the truck to deflate its tires. After the truck passed over the stop sticks and its tires began to deflate, Trooper Maughmer joined Trooper Leach in the pursuit.
The truck began to slow down and appeared to be stopping, but one of the occupants jumped out and the truck accelerated. Trooper Maughmer stopped to arrest the individual who had jumped from the truck, while Trooper Leach continued pursuit. The truck ultimately eluded Trooper Leach by driving through a ditch and across a field. Trooper Leach found the truck minutes later, parked in a township fire station parking lot. The truck had been abandoned with the engine running and the go-carts still in the back.
Trooper Maughmer had arrested Rondell Singer, who was a juvenile. Rondell confessed to taking part in the theft and identified appellant and Juan Mulligan as his accomplices. Mulligan was arrested shortly after Rondell's arrest. Appellant was subsequently arrested in Columbus, Ohio. On January 22, 1999, the Ross County Grand Jury indicted appellant on one count of theft, one count of failure to comply with the order or signal of a police officer, one count of receiving stolen property, and one count of possession of criminal tools. Appellant pled not guilty to all charges.
Appellant filed motions to reduce bond and for appointment of new counsel. The trial court held a hearing on these motions on February 16, 1999. At the hearing, appellant's trial counsel argued that appellant wished to have his bond reduced so that he could appear in Franklin County on unrelated charges, and so that he could arrange to retain private counsel. In support of the motion for appointment of new counsel, appellant's trial counsel argued that he was unable to provide effective representation because appellant was reluctant to cooperate with him. Trial counsel stated that he was not prepared for trial at the time of the hearing, and that he did not have time to prepare in the six days remaining before the scheduled trial date.
The trial court denied both of appellant's motions. The court found that the bond set at appellant's arraignment was reasonable. In addition, the trial court viewed the motion for appointment of new counsel as little more than an attempt at attorney shopping. The court offered appellant a continuance to allow trial counsel adequate time to prepare. However, it appears that the trial could not be rescheduled for more than a month. Appellant was unwilling to waive the speedy trial time limit, and his trial counsel agreed to go forward on the scheduled trial date.
At the same hearing, appellant's trial counsel also made an oral motion for approval of expenses for an expert witness. Trial counsel sought the court's approval for expert witness fees for a physician to examine appellant and to testify as to the effect appellant's asthma would have on his ability to commit the offense. The trial court indicated that it was willing to consider appellant's request but that appellant would need to submit additional information to support his claim that his asthma could be an affirmative defense. It appears from the record that trial counsel did not pursue this issue any further.
The case was tried to a jury beginning on February 22, 1999. On February 23, 1999, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to nine months on each of the theft, possession of criminal tools, and receiving stolen property counts, as well as fifteen months on the failure to comply count. The trial court further ordered that appellant serve the sentences consecutively. Appellant filed a timely notice of appeal and presents one assignment of error for our review.
ASSIGNMENT OF ERROR:
 DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND WAS THEREFORE DENIED A FAIR TRIAL.
 OPINION
In his sole assignment of error, appellant argues that he was denied the effective assistance of counsel at trial. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052, set the standard for determination of whether a criminal defendant received ineffective assistance of counsel. The Strickland Court established that, in order for a defendant to prevail on an allegation of ineffective assistance of counsel, he must show both that counsel's actions "fell below an objective standard of reasonableness," and that the defendant was prejudiced by his attorney's conduct. Id. at 688, 693, 80 L.Ed.2d at 693, 697,104 S.Ct. at 2064, 2067. The standard for determining prejudice in cases alleging ineffective assistance of counsel is whether there is a "reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
Our review of trial counsel's performance must necessarily be highly deferential. As the Strickland Court noted, it is always easy in hindsight to criticize the strategic decisions of an attorney whose client has been convicted. Strickland, 466 U.S. at 689,104 S.Ct. at 2065, 80 L.Ed.2d at 694. Thus, we strongly presume that, "under the circumstances, the challenged action might be considered sound trial strategy." State v. Carter (1995), 72 Ohio St.3d 545,558, 651 N.E.2d 965, 977.
Appellant argues that his trial counsel was ineffective in three areas. First, at the February 16, 1999 motion hearing, appellant's trial counsel informed the court that he could not be prepared for trial on the scheduled trial date, yet he failed to obtain a continuance. Second, appellant's trial counsel failed to follow up his request for expert witness fees by submitting additional information, as the trial court requested. Finally, appellant contends that his trial counsel was grossly deficient in his cross-examination of many of the state's witnesses.
Appellant's trial counsel was not ineffective for failing to obtain a continuance of the scheduled trial date. As appellee argues, the dispositive issue in the instant case is whether or not appellant's attorney provided adequate representation at trial. Although the trial court indicated its willingness to grant a continuance, the trial could not be rescheduled until more than a month after the original trial date. In the meantime, appellant would have been forced to wait in jail because he could not post bond. In addition, it appears that postponing the trial would have run afoul of the speedy trial time limits, which limits appellant was apparently unwilling to waive. Thus, appellant's trial counsel was presented with the unpleasant choice of going to trial sooner than he desired, or taking a longer delay than his client was willing to accept. Under the circumstances, we find that trial counsel's decision not to accept a continuance to be a reasonable course of action.
The record before us does not support appellant's argument that his trial counsel was ineffective for failing to obtain approval for expert witness fees. There is no evidence to substantiate appellant's contention that he suffers from asthma, let alone to support an argument that his condition would render him physically unable to participate in the theft. An appellate court may not inquire into evidence outside the record to resolve a claim of ineffective assistance of counsel. State v. Cooperrider (1983), 4 Ohio St.3d 226,448 N.E.2d 452; State v. Rhoden (May 20, 1997), Pike App. No. 96CA589, unreported. Such a claim should be raised in a petition for post-conviction relief pursuant to R.C. 2953.21. Id. Accordingly, we overrule this portion of appellant's argument.
Appellant's primary argument is that his trial counsel incompetently cross-examined many of appellee's witnesses. Trial counsel asked very few questions of several of the state's witnesses, and asked no questions at all of five such witnesses. Appellant argues that more extensive questioning was necessary to establish that the parking lot was too dark and the witnesses were too far away to be able to identify any of the individuals that were involved in the theft of the go-carts. Appellant further argues that his trial counsel failed to exploit numerous inconsistencies among the witnesses.
In most of the instances where appellant contends his trial counsel failed to adequately cross-examine witnesses, the witnesses involved could not identify appellant as one of the perpetrators of the theft. Several Walmart employees testified that they witnessed several individuals loading go-carts from the Walmart parking lot into a white truck. Robert Hoffman, Amy Cottrill, and John Winfield testified that they followed this same truck out of the parking lot until a highway patrol trooper took up the pursuit. Trooper Maughmer testified that he assisted in pursuing the truck, and that he apprehended Rondell Singer, appellant's nephew, who jumped from the van during the pursuit. Michele Camp, a Walmart employee who did not witness the theft, testified that the go-carts recovered at the end of the chase belonged to Walmart and had been stolen from the parking lot. Finally, John Dunning testified that the van used in the theft belonged to his company, Food Distributors, and that the van had been stolen while parked at his place of business in Cambridge, Ohio.
As appellant argues, these witnesses gave somewhat differing accounts of the theft, especially regarding such matters as the time, the number of accomplices, and their races. Given the inconsistencies and uncertainties of several of these witnesses, it would have been reasonable for trial counsel to cross-examine these witnesses more thoroughly than he did. None of these witnesses, however, was able to identify appellant as one of the men involved in the theft. Instead, they primarily established the events surrounding the theft itself, which facts were essentially undisputed. Thus it was also reasonable for trial counsel to focus his cross-examination on those witnesses that directly identified appellant as being one of the participants in the theft.
Trial counsel's decision to limit his cross-examination of these witnesses is even more reasonable in light of the fact that the inconsistencies that appellant complains of came out during direct examination. Several of the witnesses did contradict each other on certain details. While appellee attempted to outline a consistent course of events, several witnesses candidly admitted that they were uncertain about some details of the theft. Under these circumstances, there was little need for appellant's trial counsel to further develop these issues.
The primary issue at trial was identification of appellant as one of the accomplices in the theft of the go-carts. Only one Walmart employee, Sharon Snyder, claimed to be able to identify appellant. Appellant contends that his trial counsel failed to adequately cross-examine Snyder concerning three issues: 1) that it was too dark in the parking lot to see which side of the van appellant entered; 2) that Snyder testified appellant had facial hair, while Rondell Singer described appellant to the police as being clean shaven; and 3) the "bonus issue" that appellant claims is an incentive for Walmart employees to identify theft suspects. In addition, appellant contends that what little cross-examination his trial counsel did conduct of Snyder actually assisted appellee.
As appellee argues, a brief review of Snyder's testimony reveals that appellant's arguments are without merit. Snyder testified that she was not certain which side of the van appellant entered because of the darkness, but that she was certain appellant was one of the people involved in the theft. She testified that one of the individuals she saw had facial hair, but she did not testify that appellant was that person.
The so-called bonus issue is, in reality, a non-issue. Appellant implies that Walmart employees are paid a bonus for identifying theft suspects. Snyder, however, merely testified that certain full-time employees receive Walmart stock and that thefts from any Walmart store result in lower returns paid on the stock. Nothing in this testimony indicates that Snyder had a financial incentive to falsely identify appellant.
We also disagree with appellant's contention that his trial counsel's cross-examination of Snyder actually assisted appellee. Far from helping appellee's case, appellant's trial counsel highlighted those facts that would appear to weigh most heavily in favor of appellant: that it was difficult to see in the parking lot, and that Snyder could not identify the truck that the troopers recovered as being the one that she witnessed being used in the theft. Trial counsel even pursued the so-called bonus issue, but he stopped after Snyder testified that the outcome of the instant case would have no direct financial impact on her.
Finally, appellant argues that his trial counsel ineffectively questioned Rondell Singer, appellant's co-conspirator in the theft of the go-carts. In exchange for Rondell's testimony, appellee dropped one of the charges against Rondell stemming from the theft. As appellant argues, however, trial counsel had difficulty framing a proper question to ask Rondell about his deal with appellee. Appellant further argues that his trial counsel completely failed to ask about Rondell's first statement to the police, in which he allegedly named "Rick" and "Warren" as his accomplices. Appellant contends that his trial counsel failed to question Rondell about the fact that the description that he gave to police of his accomplices conflicted with the descriptions given by other witnesses who testified at trial.
Appellant's arguments are without merit. While trial counsel may have stumbled a bit in his questioning of Rondell about his deal with prosecutors, counsel ultimately succeeded in eliciting the relevant testimony on this issue from the witness. Thus, even if such a momentary mental lapse could render counsel's performance deficient, no prejudice to appellant's defense resulted therefrom.
In support of his other arguments, appellant refers to discovery material provided by appellee which appellant attached to his brief. We previously denied appellant's request to supplement the record on appeal with unspecified discovery material that was not before the trial court. Our review of the record indicates that the documents attached to appellant's brief were not part of the record in the trial court. Therefore, we shall not consider these documents on appeal. See Cooperrider, supra.
Appellant's arguments are without merit and his sole assignment of error is OVERRULED. The judgment of the Ross County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J., and KLINE, P.J.: Concur in Judgment and Opinion.