OPINION
Defendant Lamars C. Wynn appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of carrying a concealed weapon in violation of R.C. 2923.12, after a jury trial. Appellant assigns four errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE INTRODUCTION OF INADMISSABLE HEARSAY STATEMENTS OF A CO-DEFENDANT SUBSTANTIALLY AFFECTED THE APPELLANTS [SIC] FUNDAMENTAL RIGHT UNDER THE OHIO AND UNITED STATES CONSTITUTION TO A FAIR TRIAL AND WAS THEREFORE PLAIN ERROR REQUIRING A REVERSAL OF APPELLANT'S CONVICTION FOR CARRYING A CONCEALED WEAPON.
 II. THE INTRODUCTION OF INADMISSABLE CHARACTER EVIDENCE SUBSTANTIALLY EFFECTED [SIC] APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL PURSUANT TO THE OHIO AND UNITED STATES CONSTITUTIONS.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BY FINDING APPELLANT GUILTY OF CARRYING A CONCEALED WEAPON, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE CHARGED OFFENSE BEYOND A REASONABLE DOUBT.
 IV. THE CUMULATIVE EFFECTS OF THE ERRORS IN THE INTRODUCTION OF INADMISSABLE HEARSAY EVIDENCE AND PRIOR BAD ACTS EVIDENCE DENIED THE APPELLANT A FAIR TRIAL.
Appellant was originally indicted for possession of cocaine and carrying a concealed weapon. The jury acquitted appellant of possession of cocaine. The record indicates appellant was a passenger in a vehicle driven by Steve Mason. Appellant was in the passenger seat and Mason's sister, Doraira was in the back seat. Officer Mark Welch of the Alliance Police Department effected a traffic stop of Mason's vehicle because it did not have a working rear license plate light, and part of the rear license plate was obstructed. Upon investigation, Doraira Mason admitted there was a handgun in her purse, but denied ownership of the gun. She gave a statement to the police asserting it was appellant's gun, and he had placed it in her purse when the officer stopped the vehicle.
 I
In his first assignment of error, appellant argues the court committed plain error when it permitted the State to introduce the written out-of-court statements made by Doraira Mason to the police.
At trial, the State indicated to the court its only witness regarding the concealed weapons charge was Doraira Mason, and the State had reason to believe she would not testify consistently with her written statement.
On direct, Mason admitted she had told the officer the gun was not hers. However, Mason indicated she did not remember what had happened that evening nor did she recall exactly what she had told the police. At that point, the court permitted the State to give the witness a copy of the written statement. Mason identified the statement as her own, and read it to the jury without objection from the defense. Subsequently, however, counsel did object to the written statement being admitted into evidence at the close of the State's case.
The State also called Officer Welch, who testified Mason had made other statements indicating the gun belonged to appellant.
Appellant now urges this evidence was hearsay, and improperly admitted.
At the outset, we must review this assignment of error under the Plain Error Doctrine, because defense counsel failed to object to Mason's reading the statement at trial. The Supreme Court has directed us to use utmost caution in taking notice of plain error, only under the most exceptional circumstances and to prevent a manifest miscarriage of justice, see State v. Cooperider (1983), 4 Ohio St.3d 226.
Evid. R. 612 specifically allows for the use of a writing to refresh a witness' memory. Likewise, Evid. R. 803 (5) permits a witness to read into the record his or her prior written statement if the witness has insufficient recollection to testify fully and accurately. Here, Doraira Mason testified she did not remember totally what had happened on the night in question.
The State directs us to State v. Jackson (2001), 92 Ohio St.3d 436, wherein the State's witness testified she did not recall making a statement which incriminated appellant. The State impeached the witness with her prior statement, which the Supreme Court found was improper under Evid. R. 607 (A). However, the court held the evidence would have been properly admitted under Evid. R. 803 (5).
Regarding the oral statement allegedly made to Officer Welch, Welch testified the witness became hysterical, crying and begging the appellant not to let her go to jail for this, but to admit ownership the gun. The State proposes this statement was admissible as an excited utterance pursuant to Evid. R. 803 (2).
We find the admission of the evidence to which no objection was made was not plain error.
Finally, regarding the admission of the written statement as an exhibit, the State concedes this was improper pursuant to Evid. R. 803 (5). Appellant objected to this evidence. The State suggests the written statement was cumulative only, having already been read to the jury.
Regarding the admission of the statement as an exhibit, to which counsel objected, we find the evidence was cumulative at best, and, was not error.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the court permitted the State to introduce character evidence and other bad acts in violation of Evid. R. 404 (B). Specifically, the court permitted the jury to hear of appellant's admission to the possession of marijuana, testimony regarding an outstanding arrest warrant for appellant, and testimony regarding a prior misdemeanor conviction for drug abuse.
On direct, Officer Welch indicated after he stopped the vehicle, he noticed suspicious movement in the front passenger seat. Upon approaching the car, the officer recognized appellant and believed there was an outstanding warrant for his arrest. Officer Welch had appellant exit the car, and patted him down, at which time he found the bag of marijuana.
Evid. R. 404 (A) provides evidence of a person's character is not admissible to prove the person acted in conformity therewith on a particular occasion. The State asserts, however, these acts were not admitted to prove appellant's bad character, but rather, to demonstrate to the jury why Officer Welch acted as he did.
Additionally, the State points out appellant testified about two prior convictions for crimes similar to the ones for which he was on trial. The State argues this evidence was more prejudicial than the testimony regarding the outstanding arrest warrant.
Regarding the cross examination of appellant regarding his prior convictions, the State inquired of appellant's past felony record, and both the prosecutor and appellant initially mentioned a misdemeanor drug abuse conviction as a felony.
This exchange took place:
Q. And you've been convicted before of felonies?
A. I have.
Q. And what, what were those felonies?
 A. My conviction felonies was drugs and carrying concealed weapon, but that was my past.
 Q. Okay, so there was one count possession of cocaine in 1997; that's a felony?
A. Right.
 Q. And one count of carrying a concealed weapon in 1997 and that's a felony?
 A. Oh, excuse me, the count in 1997 was a drug abuse. I was charged with a drug abuse for that.
The State characterizes this as inadvertent both on the part of the prosecutor and appellant, and points out the subject of the cross-examination was appellant's record of felony convictions, which is admissible under the rules of evidence. Once corrected, the State did not mention the misdemeanor again. Appellant did not object, and we find this does not rise to the level of plain error.
We find no error in the admission of this evidence. Accordingly, the second assignment of error is overruled.
 III
In his third assignment of error, appellant urges his conviction for carrying a concealed weapon was against the manifest weight of the evidence. Appellant asserts the sole evidence against him was the testimony of Doraira Mason, in whose purse the firearm was actually concealed.
Our standard of reviewing claims of sufficiency and weight of the evidence was outlined in the case of State v. Thompkins (1997),78 Ohio St.3d 380. Sufficiency of the evidence deals with a legal standard, and connotes the amount of evidence which would convince the average mind of guilt beyond a reasonable doubt, Thompkins at 386.
Even if the evidence is sufficient to convict, nevertheless the conviction may be against the manifest weight of the evidence, which is a question for the fact finder regarding the amount of evidence offered in support of one side of the issue, Id.
We have reviewed the record, and we find the conviction is supported by the sufficiency of the evidence, and is not against the manifest weight of the evidence.
The third assignment of error is overruled.
 IV
Finally, appellant argues while the errors complained of perhaps may be individually insufficient to cast doubt on the reliability of his trial, nevertheless taken together they have the cumulative effect of denying him a fair and reliable trial.
We have reviewed the record, and we find appellant was not deprived of his right to a fair trial because of the conduct of this case.
The fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.