DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Ottawa County Municipal Court. Because we find that the court did not commit error in revoking appellant's probation, we affirm.
On March 14, 2000, a complaint was filed against appellant, Shanan Hofacker, charging her with endangering children, a violation of R.C.2919.22(A) and a misdemeanor of the first degree. Following appellant's plea of no contest, the court found appellant guilty, and On May 3, 2000, sentenced her to one hundred eighty days in jail. On May 17, 2000, the court released appellant from jail and placed her on probation. The remaining one hundred sixty-five days of her jail sentence were suspended.
On November 16, 2000, an Ottawa County Municipal Court probation officer filed a motion alleging that appellant had violated her probation. On January 19, 2001, the court suspended one hundred thirty-five days of appellant's sentence and placed her on probation for one year.
On June 1, 2001, an Ottawa County Municipal Court probation officer filed a motion alleging that appellant had violated her probation. In October 2001, the court imposed the one hundred thirty-five days of appellant's previous suspended sentence. Appellant now appeals setting forth the following assignment of error:
 "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FINDING THE DEFENDANT IN VIOLATION OF HER PROBATION AND IMPOSING TERMS OF INCARCERATION UPON THE DEFENDANT WHEN: DEFENDANT HAD NOT BEEN SERVED WITH WRITTEN NOTICE OF THE CLAIMED VIOLATIONS; THE EVIDENCE AGAINST THE DEFENDANT WAS NOT DISCLOSED TO HER; THE DEFENDANT WAS NOT PROVIDED THE RIGHT TO CONFRONT OR CROSS-EXAMINE ADVERSE WITNESSES; NOR WAS DEFENDANT PROVIDED A WRITTEN STATEMENT OF THE FACT FINDER AS TO THE EVIDENCE RELIED UPON AND THE REASONS FOR THE REVOCATION OF HER PROBATION."
"Failure to timely object to due process violations during a parole or probation revocation proceeding waives any error." In Re Cottrill (June 25, 1998), Ross App. No. 97CA2355, unreported, citing State v. Henderson
(1989), 62 Ohio App.3d 848, 853.
In that appellant did not object to any due process violations at her hearing, we must review this assignment of error under the plain error standard. The standard is as follows:
 "A claimed error not objected to will not be noticed on appeal unless it rises to the level of plain error. See State v. Underwood (1983), 3 Ohio St.3d 12; State v. Cooperrider (1983), 4 Ohio St.3d 226. To rise to the level of plain error, it must appear on the face of the record not only that the error was committed, but that except for the error, the result of the trial clearly would have been otherwise and that not to consider the error would result in a clear miscarriage of justice. Underwood, supra; Cooperrider, supra." State v. Bock
(1984), 16 Ohio App.3d 146, 150.
The record shows that on June 1, 2001, a motion was filed alleging that appellant had violated her probation. On July 29, 2001, appellant appeared for the probation violation hearing and admitted to the violation. Specifically, appellant admitted to not following the advice and instructions of her probation officer and waived hearing on the merits of the allegation. The judge placed appellant back on probation and instructed appellant, on the record, that he would be reviewing the case in October. The judge further stated "Obviously, if you breach any of the terms and conditions between now and October, you are going to be violated and probation will be revoked."
Nothing in the record indicates that appellant received notice that her probation was scheduled for review on October 3, 2001. The transcript of the hearing, however, shows that appellant appeared before the court with her counsel. Appellant did not object to the hearing on due process grounds. Rather, appellant attempted to explain the behavior that led to her violating her probation. Based on the record before us, we cannot say that the outcome of this case would have been different had appellant exercised the due process rights she claims she was denied. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper, J., JUDGES CONCUR.