[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, James E. Harshaw, appeals a conviction for aggravated robbery pursuant to R.C. 2911.01(A)(1) with a firearm specification. He sets forth three assignments of error. We find no merit in these assignments of error.
In his first assignment of error, Harshaw contends that the trial court erred in admitting into evidence his statements to police. He contends that the police officer failed to give him the warnings required byMiranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602 before he made the statements.
The record shows, however, that Harshaw failed to file a motion to suppress those statements. The accused's failure to file a motion to suppress evidence within the time specified by Crim.R. 12(C) waives any error in the admission of that evidence. State v. Wade (1978),53 Ohio St.2d 182, 373 N.E.2d 1244, paragraph three of the syllabus, vacated as to death penalty, (1978), 438 U.S. 911, 98 S.Ct. 3138. Accordingly, Harshaw waived any error.
Further, the evidence showed that Harshaw was advised of his rights and voluntarily waived them. See State v. Heard (Aug. 13, 1999), 1st Dist. No. C-980443; State v. Cedeno (Oct. 23, 1998), 1st Dist. No. C-970465. Consequently, we cannot hold that the alleged error rose to the level of plain error, and we overrule his first assignment of error. See State v.Wickline (1990), 50 Ohio St.3d 114, 552 N.E.2d 913; State v. Cooperrider
(1983), 4 Ohio St.3d 226, 448 N.E.2d 452.
In his second assignment of error, Harshaw contends that he was denied effective assistance of counsel. He argues that counsel was ineffective for failing to file a motion to suppress his statements to police and to object to the admission of those statements into evidence. On the tape of Harshaw's statements to police, the police officer referred to a waiver of rights form. Harshaw stated that he had been informed of his Miranda
rights and that he understood them. While it would have been preferable for the police officer to advise Harshaw of his rights on the tape, evidence existed showing that Harshaw had been advised of his rights and that he had voluntarily waived them. See Cedeno, supra.
Under the circumstances, we cannot hold that Harshaw has demonstrated that his counsel's representation fell below an objective standard of reasonableness or that, but for counsel's unprofessional errors, the results of the proceedings would have been otherwise. Consequently, he had failed to meet his burden to show ineffective assistance of counsel, and we overrule his second assignment of error. See Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Eff (May 23, 2002), 8th Dist. No. 79731, 2002-Ohio-2559; In re Staugler (May 17, 2002), 2nd Dist. No. 2001 CA 33, 2002-Ohio-2376; State v. O'Hara (June 29, 2001), 1st Dist. Nos. C-000314 and C-000318.
In his third assignment of error, Harshaw contends that his conviction was against the manifest weight of the evidence. After reviewing the record, we cannot conclude that the trier of fact lost its way and created such a manifest miscarriage of justice that we must reverse Rowe's conviction and order a new trial. Therefore, the conviction was not against the manifest weight of the evidence. See State v. Thompkins
(1997), 78 Ohio St.3d 380, 678 N.E.2d 541; State v. Allen (1990),69 Ohio App.3d 366, 590 N.E.2d 1272; Cedeno, supra. Accordingly, we overrule his third assignment of error and we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.