OPINION
Defendant, Maudie Priest, appeals from his conviction and sentence for abduction, which was entered upon his guilty plea.
Defendant was indicted on one count of domestic violence, R.C.2919.25(A), and one count of abduction, R.C. 2905.02(A)(1). Defendant subsequently entered into a negotiated plea agreement with the State. Defendant entered a guilty plea to the abduction charge. In exchange, the State dismissed the domestic violence charge and agreed to remain silent with respect to sentencing. The trial court sentenced Defendant to three years imprisonment.
Defendant has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN THAT IT SENTENCED DEFENDANT TO IMPRISONMENT WITHOUT SETTING FORTH ITS RATIONALE PURSUANT TO STATUTE."
Defendant alleges that the trial court failed to make the statutory findings required to support the three year prison sentence it imposed upon him. We disagree.
Defendant was convicted of abduction, a felony of the third degree which carries a possible sentence of one to five years. R.C. 2905.02(B);2929.14(A)(3). The trial court sentenced Defendant to three years, a term in the middle of the permissible sentencing range. Prior to imposing sentence the trial court stated that it had considered the presentence investigation report and the seriousness and recidivism factors. See R.C. 2929.12.
The trial court was not required to make the findings set forth in R.C. 2929.14(B) in order to impose more than the statutory minimum sentence upon Defendant, because he had previously served a prison term. Furthermore, the court was not obligated to make any of the findings in R.C. 2929.14(C) because the court did not impose the maximum sentence upon Defendant it was authorized to impose.
In imposing its three year sentence the trial court noted that Defendant has previous convictions for domestic violence and other offenses of violence. The trial court also commented upon Defendant's reluctance to accept responsibility for his conduct. On this record, the trial court's sentence was reasonably calculated to achieve the two overriding purposes of felony sentencing. See R.C. 2929.11. We cannot clearly and convincingly find either that the record does not support the court's sentence, or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
"APPELLANT ASSERTS INEFFECTIVE ASSISTANCE OF COUNSEL."
Defendant alleges that his trial counsel performed in a constitutionally deficient manner by advising him that he would probably get probation if he accepted the State's plea offer.
In order to demonstrate ineffective assistance of trial counsel, Defendant must show that counsel's performance was deficient and that the deficient performance prejudiced Defendant so as to deprive him of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136.
Nothing in the record presently before us demonstrates the substance of the alleged conversations between Defendant and his attorney in which the claimed representations were made. Defendant's claim of ineffectiveness, therefore, depends upon facts outside the record. The record does demonstrate that when the trial court asked Defendant whether any promises had been made to induce him to plead guilty, Defendant responded, "No." Moreover, Defendant indicated to the trial court that he understood that while community control (probation) was possible, he acknowledged that no one had promised him anything to make him plead guilty. (T. 6).The record presently before us is insufficient to demonstrate the alleged deficient performance by trial counsel. Where, as here, those allegations of deficient performance are based upon facts not appearing in the record, the proper procedure to litigate those claims is a petition for post conviction relief filed pursuant to R.C. 2953.21.State v. Cooperrider (1983), 4 Ohio St.3d 226.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.