OPINION
{¶ 1} Christy S. Wells appeals from her conviction and sentence in the Greene County Common Pleas Court following guilty pleas to one count of aggravated vehicular homicide and one count of vehicular assault.
 {¶ 2} Wells advances two assignments of error on appeal. First, she contends the trial court erred in failing to ascertain whether her guilty pleas pursuant to North Carolina v. Alford (1971), 400 U.S. 25, were made "knowingly and freely." Second, she argues that her guilty pleas were not "knowingly and freely" made because her attorney misinformed her about the legal effect of the pleas.
 {¶ 3} The record reflects that Wells was charged with aggravated vehicular homicide and vehicular assault after killing one person and injuring another in an automobile accident caused by her running a red light. As a result of plea negotiations, she agreed to enter guilty pleas to the charges, despite her protestations of innocence, in exchange for the State's agreement to recommend an eight-year sentence on the aggravated vehicular homicide charge and a concurrent four-year term on the vehicular assault charge. After conducting a plea hearing and accepting Wells' Alford pleas, the trial court sentenced her in accordance with the plea agreement. She then filed a timely notice of appeal, advancing the assignments of error set forth above.
 {¶ 4} In her first assignment of error, Wells contends the trial court erred in failing to ascertain whether her Alford pleas were made "knowingly and freely." Although Wells does not dispute the trial court's compliance with the traditional requirements of Crim.R. 11, she insists that the trial court failed to satisfy the additional burden imposed on it when a defendant enters a guilty plea yet maintains her innocence. This argument implicates our decision in State v. Padgett (1990),67 Ohio App.3d 332, wherein we explained that when a defendant attempts to plead guilty but still protests her innocence, the court must "ascertain that notwithstanding the defendant's protestations of innocence, [s]he has made a rational calculation that it is in [her] best interest to accept the plea bargain offered by the prosecutor." Id. at 338. "This inquiry by the trial court must include an assessment of the defendant's reasons for pleading guilty." Id. "It also may include a review of the state's evidence in order to determine whether the defendant's decision is an intelligent one in light of the case against [her] and the potential penalty [s]he faces." Id. at 338-339.
 {¶ 5} In the present case, Wells argues only that the trial court failed to ascertain her reason for pleading guilty despite her protestations of innocence, as required by Padgett. After reviewing the transcript of Wells' plea hearing, however, we find this argument to be without merit. As noted by the State, the plea hearing transcript contains the following exchange between the trial court and Wells:
 {¶ 6} "THE COURT: And do you understand that an Alford plea is a plea whereby you plead guilty to the charge, however, you do not admit that you are guilty, but you plead guilty because you feel that you probably would be convicted of being guilty of the charges and possibly get a sentence that would be more severe than the sentence that the State has recommended to you?
 {¶ 7} "THE DEFENDANT: Yes, sir.
 {¶ 8} "THE COURT: And knowing that, do you wish to plead guilty under an Alford plea?
 {¶ 9} "THE DEFENDANT: Yes." (Doc. #139 at 6-7).[1]
 {¶ 10} In light of the foregoing exchange, we are persuaded that the trial court adequately inquired into the reason for Wells' pleas. Indeed, Wells responded affirmatively when the trial court asked if the reason for her pleas was that she believed she would be convicted and possibly receive a more severe sentence than what the State had offered her. Because the trial court properly ascertained Wells' reason for pleading guilty while maintaining her innocence, we overrule her first assignment of error.
 {¶ 11} In her second assignment of error, Wells argues that her guilty pleas were not "knowingly and freely" made because defense counsel provided ineffective assistance by misinforming her about the legal effect of the pleas. In particular, Wells contends her attorney incorrectly advised her that she would retain the right to appeal the trial court's denial of a motion to suppress by entering Alford pleas rather than "basic" guilty pleas. In her appellate brief, Wells asserts that she would not have entered the Alford pleas if she had known that trial counsel's advice was erroneous.
 {¶ 12} Upon review, we find this assignment of error to be unpersuasive. Notably absent from Wells' appellate brief is a citation to record evidence demonstrating that her trial attorney misinformed her about the legal effect of her Alford pleas. Indeed, this court's own review of the record has failed to reveal any evidence to support Wells' assertion. It is well settled that when an alleged error requires the presentation of evidence outside the record, it must be raised in a petition for post-conviction relief rather than on direct appeal. Statev. Cooperrider (1983), 4 Ohio St.3d 226, 228-229. Accordingly, Wells' second assignment of error is overruled.
 {¶ 13} Based on the reasoning and citation of authority set forth above, we hereby affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
WOLFF, J., and YOUNG, J., concur.
[1] Parenthetically, we note that after engaging in this colloquy with Wells, the trial court properly proceeded to have the State recite the factual basis for her guilty pleas.