OPINION
{¶ 1} Appellant Joseph Severns appeals a judgment of the Richland County Common Pleas Court convicting him of breaking and entering (R.C.2911.13(B)), theft (RC. 2913.02(A)(1)), and possession of criminal tools (R.C. 2913.23):
 {¶ 2} "The trial court erred when instructing the jury as to felony breaking and entering when the court defined the indicted offense as one in which the defendant trespassed on the land or premises of another with the purpose to commit therein a theft offense when actually the indicted offense was section b of orc 2911.13, which specifically requires the defendant possess the purpose to commit a felony offense and not any theft offense.
 {¶ 3} "Further, the trial court erred when it allowed the jury verdict of guilty to felony breaking and entering and felony possession of criminal tools to stand when the jury specifically found the defendant guilty of a misdemeanor theft and the orc states the requirement that the defendant possess the purpose to commit a felony theft offense in order to be found guilty of the indicted charge of breaking and entering and felony possession of criminal tools."
 {¶ 4} At about 1:30 in the morning on April 19, 2002, Deputy Richard Eichinger of the Richland County Sheriff's Department noticed a van parked in the lot at the American Electric Power (AEP) substation. Two males, one of whom was appellant, were in the vehicle. When he asked the men what they were doing in the parking lot, they claimed the vehicle had overheated. However, the deputy noticed that the vehicle was not hot and the hood was not up, and the temperature outside was about 37 degrees.
 {¶ 5} The substation had a fenced area containing spools of copper wire. The lock had been cut off the gate, and there were ruts where the gravel had been turned up and something had been drug away from the lot. The marks led from inside the fence to a spool of copper wire laying in the field. About seventy feet of the wire was cut off the spool, and was laying on the ground next to the appellant's van. The spool removed from the fenced area contained about three hundred feet of copper wire, worth approximately $675.
 {¶ 6} Upon inventorying the van, officers found bolt cutters and a hack saw. The bolt cutters contained a coppery residue similar to the material from which the broken lock was made.
 {¶ 7} Appellant was indicted by the Richland County Grand Jury with breaking and entering, felony theft, and possession of criminal tools. The case proceeded to jury trial in the Richland County Common Pleas Court. The jury convicted appellant of breaking and entering as charged in the indictment. The jury convicted appellant of misdemeanor theft, finding that the value of the property or services stolen was less than $500. Appellant was also convicted of possession of criminal tools, as a felony, as the jury made a finding that appellant possessed the tools with the intent to commit a felony.
 {¶ 8} Appellant was sentenced to one year incarceration on the breaking and entering conviction, and one year incarceration on the possession of criminal tools conviction, to be served consecutively. He was sentenced to six months incarceration on the misdemeanor theft, to be served concurrently to the sentences on the other two counts. Prison time was suspended, and appellant was placed on community control for three years. The court remanded appellant into custody to serve ninety days incarceration in the Richland County jail, with work release.
 I {¶ 9} Appellant argues in his first assignment of error that the court erred in the jury instruction concerning breaking and entering. Appellant argues that the court improperly instructed the jury that he could be convicted of breaking and entering if he trespassed on the land or premises of another with the purpose to commit a theft offense, when pursuant to R.C. 2911.13(B), the jury was specifically required to find that he possessed the purpose to commit a felony offense, and not merely any theft offense.
 {¶ 10} Appellant failed to object to the jury instruction on the definition of breaking and entering. We therefore must find plain error in order to reverse. The plain error rule should not be invoked unless, but for the error, the outcome of the trial would clearly have been otherwise. State v. Cooperrider (1983), 4 Ohio St.3d 226, 227. The application of the rule is to prevent manifest injustice. Id.
 {¶ 11} While the court did initially instruct the jury that before it could find appellant guilty, it must find that he trespassed on the land or premises of another with purpose to commit therein a theft offense, the court later instructed the jury as follows:
 {¶ 12} "Purpose to commit a felony theft offense is an essential element of the offense of breaking and entering. Only the purpose to commit a felony is necessary and not the actual commission thereof." Tr. 227.
 {¶ 13} As the court did include an instruction that purpose to commit a felony theft offense is an essential element of the offense of breaking and entering, we cannot find plain error in the court's instruction. The evidence presented at trial demonstrated that the spool of copper wire removed from the fenced area was valued at more than $500. Further, an employee of AEP testified that the copper wire weighs approximately 1.1 pound per foot. He testified that the amount of copper on the spool weighed over three hundred pounds. From the evidence presented, the jury could have found that appellant removed the spool from the fenced area intending to steal the entire spool of wire, but after discovering the weight of the spool, had only taken the seventy feet cut from the bolt laying near the van before the sheriff arrived. As the evidence presented supports a finding that appellant entered the property with the intent to commit a felony theft offense, we cannot find that but for the court's initial mistaken statement of law in the jury instructions, the results of the proceeding would have been different.
 {¶ 14} The first assignment of error is overruled.
 II {¶ 15} Appellant argues the court should not have entered a finding of guilty to the felony breaking and entering and felony possession of criminal tools charges, as the jury specifically found appellant guilty of a misdemeanor theft offense.
 {¶ 16} As discussed in Assignment of Error I, the State presented evidence that the three hundred foot spool, valued at more than $500, was removed from the fenced area. Approximately seventy feet of the wire was cut from the bolt, and laying next to the van when the sheriff arrived. From the evidence presented, the jury could have concluded that appellant entered the property of AEP with purpose to commit a felony theft offense of an entire spool of wire, but upon encountering difficulty in moving the heavy spool, had actually only committed a theft offense as to the seventy feet before the police arrived.
 {¶ 17} The second assignment of error is overruled.
 {¶ 18} The judgment of the Richland County Common Pleas Court is affirmed.
By: Gwin, P.J., Farmer, J., and Edwards, J., concur.