OPINION *Page 2 
{¶ 1} Defendant-appellant, Lajuan Clinkscale, appeals from a Mahoning County Common Pleas Court, Juvenile Division judgment adjudicating him a delinquent child for committing an act which would be felonious assault if committed by an adult after entering a plea of admission to the charge.
 {¶ 2} On October 18, 2006, a complaint was filed against appellant alleging that he was a delinquent child for committing an act that would be attempted murder if committed by an adult, a first-degree felony, with a firearm specification. Appellant (d.o.b. 2/4/90) was 16 years old at the time.
 {¶ 3} Appellant entered a plea of denial to the charges. The court appointed counsel and a guardian ad litem for appellant. Plaintiff-appellee, the State of Ohio, filed a motion to relinquish jurisdiction to the general division of the common pleas court and have appellant tried as an adult.
 {¶ 4} A magistrate held an adjudication and disposition hearing on December 18, 2006. At the hearing, appellee moved to reduce the charge against appellant from attempted murder to felonious assault, a second-degree felony. In addition, it appears appellee withdrew its motion to have appellant bound over to the general division of the common pleas court. Appellant then entered a plea of admission to the reduced charge and the accompanying firearm specification. Additionally, as part of appellant's plea deal, appellant agreed to cooperate in the prosecution of his mother, Monique Clinkscale, who also was allegedly involved in the crime.
 {¶ 5} The magistrate accepted appellant's plea and adjudicated him a delinquent child. Appellant waived his right to a separate disposition hearing. So the magistrate moved on with disposition. On the felonious assault charge, the magistrate ordered that appellant be committed to the custody of the Ohio Department of Youth Services (ODYS) for institutionalization for a minimum period of 12 months and a maximum period not to exceed appellant's 21st birthday. On the firearm specification, the magistrate ordered that appellant be committed to ODYS's custody for a mandatory 36-month period, to be served prior to and consecutive to the commitment on the felonious assault charge. The trial court approved the *Page 3 
magistrate's decision and entered judgment accordingly.
 {¶ 6} Appellant filed a timely notice of appeal on February 1, 2007.
 {¶ 7} Appellant raises a single assignment of error, which states:
 {¶ 8} "THE COURT OF COMMON PLEAS, JUVENILE DIVISION, ERRED IN CONVICTING THE DEFENDANT BECAUSE THE DEFENDANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT HIS DEFENSE."
 {¶ 9} Appellant, now represented by new counsel, argues that his trial counsel was ineffective. Appellant raises various allegations such as counsel raised no defense theory, conducted no investigation, deceived and bullied him, coerced him to make a proffer against his own mother, and made no argument in mitigation of sentence.
 {¶ 10} In support of his argument, appellant directs this court to consider numerous exhibits that are beyond the scope of the record including: (1) a copy of a transcript where appellant gave a statement to the state regarding his mother's involvement in the crime; (2) a copy of a civil protection order against Travis Donaldson, who was present at the scene of the shooting, ordering him to stay away from appellant's mother; (3) two letters from appellant to his appellate counsel, one detailing his version of what happened the day of the crime and the other describing how his trial counsel bullied him into accepting the plea deal; (4) an unsworn statement from an inmate/witness describing what happened the day of the crime; and (5) a copy of a transcript of appellant's adjudication/disposition hearing, which was never filed with the trial court or this court. In fact, appellant's entire argument relies on evidence de hors the record.
 {¶ 11} First, we must address the transcript issue. Attached to appellant's brief is a copy of the transcript from his adjudication/disposition hearing. However, this transcript was never filed in the trial court, nor was it filed with this court. On appellant's praecipe, his counsel indicates that no transcript is necessary because it was already filed in the trial court. This is not true. There is no indication on the *Page 4 
docket that the transcript was ever filed in the trial court. Appellant's counsel may have been confused because Attorney Paul Conn, counsel for appellant's mother in her criminal case, requested a copy of the transcript at his own expense. The trial court entered judgment granting his request. However, there is no indication on the docket that this transcript was ever filed with the trial court, nor does any reason exist why it would have been filed in the trial court.
 {¶ 12} It is the appellant's duty to transmit the record on appeal, including the transcript necessary for the determination of the appeal in accordance with App.R. 9(B). App.R. 10(A). If no transcript is available, then it is appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). App.R. 9(B).
 {¶ 13} Appellant has not filed a properly certified transcript or transcript substitute. Instead, he has only attached a copy of the transcript to his brief. However, the state has not objected to this transcript copy and, in fact, references it in its brief. Thus, we too will consider it despite appellant's non-compliance with App.R. 9 and 10.
 {¶ 14} After reviewing the transcript, it becomes apparent that there is no evidence in the record or in the transcript to support appellant's allegations of ineffective assistance of counsel. Appellant argues that his counsel was ineffective because counsel did not give a statement to the court in support of a lenient sentence. However, that is simply not true. Appellant's counsel brought to the court's attention that appellant had never been in trouble with the juvenile court system before. (Tr. 20). He also pointed out that appellant's mother was involved in this crime and that she may have influenced appellant to some extent to commit the crime. (Tr. 21). Additionally, counsel noted that appellant cooperated with the state in the prosecution of his mother even though it was very hard to give a statement against his own mother. (Tr. 21-22). All of these statements were in mitigation of appellant's sentence.
 {¶ 15} To prove an allegation of ineffective assistance of counsel, the *Page 5 
appellant must satisfy a two-prong test. First, appellant must establish that counsel's performance has fallen below an objective standard of reasonable representation. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, appellant must prove that, but for counsel's errors, the result of the trial would have been different.Bradley, 42 Ohio St.3d at paragraph three of the syllabus.
 {¶ 16} Appellant bears the burden of proof on the issue of counsel's effectiveness. State v. Calhoun (1999), 86 Ohio St.3d 279, 289,714 N.E.2d 905. In Ohio, a licensed attorney is presumed competent. Id.
 {¶ 17} The record simply demonstrates the following: (1) appellant was charged with what would have been attempted murder if he had been an adult, a first-degree felony; (2) the state filed a motion to have him bound over to be tried as an adult: (3) appellant entered into a plea deal with the state; (4) per the plea deal, the state reduced the charge against appellant to felonious assault, a second-degree felony, and withdrew its motion to have him bound over; (5) per the plea deal appellant entered an admission to felonious assault and agreed to cooperate with the state regarding the prosecution of his mother; and (6) the court accepted appellant's admission and sentenced him in accordance with the terms of the plea deal, which was a minimum of four years total in ODYS and a maximum term not to exceed his 21st birthday.
 {¶ 18} Nothing in this set of facts tends to demonstrate that appellant's counsel was ineffective. In fact, it appears counsel negotiated a fine deal for appellant considering he was facing being tried as an adult for attempted murder and would have faced ten years in prison if convicted plus an additional three years on the firearm specification.
 {¶ 19} While evidence may exist outside the record that supports appellant's *Page 6 
contention of ineffective assistance, a direct appeal is not the proper place to present this evidence. Instead, appellant should raise this issue/evidence by way of postconviction relief. Id. On this point, the Ohio Supreme Court has stated:
 {¶ 20} "It may be that in the present case appellant can allege sufficient facts to state a claim of ineffective assistance of counsel. However, it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. Such a hearing is the proper forum for appellant's claim." (Internal citation omitted.)State v. Cooperrider (1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.
 {¶ 21} Accordingly, appellant's sole assignment of error is without merit.
 {¶ 22} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs. *Page 1