Grady, Presiding Judge,
concurring.
{¶ 63} In State v. Cooperrider (1983), 4 Ohio St.3d 226, 228, 4 OBR 580, 448 N.E.2d 452, the Supreme Court wrote: “[I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record.” Defendant-appellant’s claim that his trial counsel misadvised or failed to advise *649 him that a BB gun is not a deadly weapon for purposes of R.C. 2923.11(A) are facts that do not appear in the record of this case. I would overrule the first assignment of error on that basis.
{¶ 64} Defendant-appellant’s fourth assignment of error is predicated on the same factual claim and further assumes that the BB gun he had on his person when he was arrested was the “deadly weapon” that defendant-appellant used when he committed the five robbery offenses to which defendant-appellant entered pleas of no-contest. I would overrule the fourth assignment of error for the same reason: that the record fails to exemplify the error assigned.