[Cite as *State v. Tompkins*, 2014-Ohio-3845.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-300 |
| | : | |
| NATHAN E. TOMPKINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 5th day of September, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. #0091678, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JAMES N. GRIFFIN, Atty. Reg. #0015917, 8 North Limestone Street, Suite D, Springfield, Ohio 45502
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Defendant-appellant Nathan E. Tompkins appeals from his conviction and sentence for one count of Felonious Assault in violation of R.C. 2903.11(A)(1).  Tompkins

contends that he received ineffective assistance of trial counsel.

{¶ 2}    We conclude that Tompkins has failed to demonstrate ineffective assistance of trial counsel.    Accordingly, the judgment of the trial court is Affirmed.

## I. Tompkins Enters a Plea of Guilty to One Count of Felonious Assault

{¶ 3}    In April 2013, a Clark County Grand Jury indicted Nathan E. Tompkins on one count of Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(1), for conduct that allegedly occurred on March 15, 2013.   Initially, a public defender was appointed to represent Tompkins.   Dkt. 5.   Subsequently, Tompkins hired a private attorney to represent him. This attorney was permitted to withdraw from his representation of Tompkins in early October 2013.   Dkt. 13, 17.   Tompkins then retained another private attorney, Cynthia Rose, to represent him.   She entered her appearance on Tompkins' behalf on October 10, 2013.   Dkt. 15.

{¶ 4}    On December 20, 2013, Tompkins entered a plea of guilty to one count of Felonious Assault in violation of R.C. 2903.11(A)(1).   In January 2014, the trial court found Tompkins guilty as charged and sentenced him to six years in prison.   Tompkins appeals from his conviction and sentence.

## II. Tompkins Failed to Demonstrate Ineffective Assistance of Trial Counsel

{¶ 5}    Tompkins' sole assignment of error states:

THE DEFENDANT, NATHAN EUGENE THOMPKINS, WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT DISCOVERED THAT HIS COUNSEL HAD NOT SEEN A KEY PIECE OF

EVIDENCE AGAINST THE DEFENDANT AND DID NOT STOP THE PROCEEDINGS TO INQUIRE FURTHER INTO WHETHER OR NOT THE DEFENDANT HAD KNOWINGLY AND VOLUNTARILY ENTERED HIS PLEA.

{¶ 6}     A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶ 7}     Tompkins concedes that the transcript from the plea hearing reveals that Tompkins did respond that he discussed his case and possible defenses with his trial counsel and that he understood the nature and elements of the offense to which he was pleading guilty. Brief, p. 5. But Tompkins then contends that "the exchange at the beginning of the sentencing hearing should have put the trial court on notice that the proceeding was possibly flawed and further inquiry should be undertaken." *Id.*

{¶ 8}     Tompkins relies on the following exchange that took place at the sentencing hearing:

[COUNSEL FOR THE STATE]: * * * Both of those earlier felonies

revolve around the Defendant drinking in a bar and then end up fighting with or punching someone. To that extent, Your Honor, I would like to show the surveillance video from this incident to the Court just so we can get a better picture of what happened.

THE COURT: Defense wish to put anything on record regarding showing the video?

[DEFENSE COUNSEL]: Well, I do object to it, Your Honor. I've never seen it before, and I don't see the relevance of it since the Defendant has pled guilty to the charge. I think it's prejudicial to the Defendant to show it at this time. It doesn't prove anything that hasn't already been established.

THE COURT: You've never seen this video before?

[DEFENSE COUNSEL]: No. That was not included in the discovery that I received. The Defendant said his prior attorney did receive a copy, but it did not play. And after I was walking in, I was getting to see it for the first time.

THE COURT: When you got your discovery, did you get the discovery from the prior attorney?

DEFENDANT: I did, yes.

THE COURT: Did it not include the –

[DEFENSE COUNSEL]: No, I did not receive the video
    from the prior attorney.

THE COURT: Well, then we're not gonna play this thing today.

Sentencing Tr., p. 4-5.

{¶ 9}　Initially, we have reviewed the transcript from the December 18, 2013 plea hearing.　Tompkins has failed to cite any portion of this transcript that supports his contention that his plea of guilty was anything other than knowing, intelligent, and voluntary.　Furthermore, our review of the transcript fails to reveal any infirmity in his plea.

{¶ 10}　We have also reviewed the entirety of the transcript from the sentencing hearing. The portion relied on by Tompkins does raise the concern that his trial counsel did not review a surveillance video of the events that presumably led to the charge of Felonious Assault.　As a result, Tompkins contends "[b]ecause the video was not allowed in and was not proffered by the State, today this Court has no way to know if a defense of self defense was possible.　Nor did counsel for Nathan know if a defense of self defense or any other defense could have been presented on Nathan's behalf, if she had not viewed the video." Appellant's Brief, p. 5.　We do not agree.

{¶ 11}　At the time of the sentencing hearing, the trial court had already accepted a plea of guilty from Tompkins.　There was nothing at the plea hearing to cause concern that Tompkins' plea was less than knowing, voluntary, and intelligent.　Furthermore, at no point did Tompkins move to withdraw his guilty plea.　Moreover, the only attempt to bring the video recording into evidence was made by the State, presumably to help its position at sentencing. But the trial court did not allow the State to introduce the video.　Therefore, Tompkins cannot show any prejudice in sentencing resulting from the surveillance video.

{¶ 12}　Furthermore, based on the record before us, we have no way of determining the likelihood that anything on the surveillance video would support a theory of self defense or otherwise create a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.　Presumably, Tompkins had

personal knowledge of what was depicted on the video recording, since he was allegedly recorded in the videotape. Tompkins has pointed to no evidence of record that his trial counsel's failure to review the surveillance video rendered his plea less than voluntary, knowing, and intelligent.

{¶ 13} The contents of the surveillance video are not part of the record before us. Therefore, it would be purely speculative for us to conclude that trial counsel's failure to review the videotape prejudiced Tompkins in any way. Furthermore, it is well-established that the alleged ineffective assistance of counsel must be apparent from the record on appeal. *State v. Cooperrider*, 4 Ohio St.3d 226, 228, 448 N.E.2d 452 (1983). "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through the postconviction remedies." *State v. Coleman*, 85 Ohio St.3d 129, 134, 707 N.E.2d 476 (1999), citing *Cooperrider*. Accordingly, to the extent these particular allegations of ineffectiveness rely solely on facts outside of the record, they are not claims that can be considered on direct appeal.

{¶ 14} Based upon a review of the record before us, we cannot find that Tompkins' guilty plea was less than knowing, intelligent, and voluntary or that Tompkins' trial counsel provided ineffective assistance. The sole assignment of error is overruled.

### III. Conclusion

{¶ 15} Tompkins' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.


Copies mailed to:

Ryan A. Saunders
James N. Griffin
Hon. Richard J. O'Neill