OPINION
{¶ 1} Michael J. Young appeals from his conviction and sentence in the Greene County Common Pleas Court on six counts of misuse of a credit card.
 {¶ 2} The record reflects that Young filed a petition to enter guilty pleas to the foregoing charges on March 28, 2002. That same day, the trial court conducted a plea hearing and accepted the guilty pleas. Pursuant to a plea agreement, the trial court imposed an aggregate sentence of twenty-four months in prison. It also ordered Young's sentence to be served concurrently with his term of imprisonment for a prior conviction in Montgomery County.
 {¶ 3} This court subsequently granted Young permission to file a delayed appeal and appointed counsel to represent him. On December 18, 2002, Young's court-appointed counsel filed a brief pursuant to Andersv. California (1967), 386 U.S. 738, asserting the absence of any meritorious issues for appellate review but raising four possible issues. Thereafter, Young filed a pro se brief, arguing that several errors warrant the reversal of his convictions.
 {¶ 4} Upon review, we find that none of the arguments advanced by Young or his appellate counsel are even potentially meritorious, at least in the context of a direct appeal. Young's court-appointed counsel first suggests a claim of ineffective assistance of counsel based on trial counsel's failure to prepare for trial, failure to file pre-trial motions, and misstatement of the plea agreement. As appellate counsel properly notes, however, the record before us is devoid of evidence to support such claims. Although Young apparently asked his appellate counsel to pursue these claims on direct appeal, he cannot prevail on them in the present context because they depend on evidence outside the record.[1] A potential vehicle for asserting these ineffective assistance of counsel claims is a petition for post-conviction relief under R.C. § 2953.21. State v. Cooperrider (1983), 4 Ohio St.3d 226,228-229.
 {¶ 5} In a second possible issue for review, appellate counsel suggests that Young's guilty pleas were not knowingly and freely made or were rendered void by the State's violation of the plea agreement. These arguments, which counsel has advanced at Young's insistence, are belied by the record. We have reviewed the plea hearing transcript, and it demonstrates that the trial court complied with Crim.R. 11 when taking Young's pleas. Furthermore, the record fails to demonstrate any violation of the plea agreement. The record indicates that Young and the State agreed to an aggregate two-year sentence to run concurrently with a prior sentence in a Montgomery County case. This is precisely what Young received, and it is also what the trial court told Young that he would receive. See plea hearing transcript at 6, 10.
 {¶ 6} In a third possible issue for review, appellate counsel suggests that the trial court may have failed to comply with Crim.R. 11 when taking Young's pleas. Once again, counsel has advanced this argument at Young's insistence. As noted above, however, the plea hearing transcript demonstrates that the trial court complied with Crim.R. 11 when taking Young's pleas. Insofar as Young contends that trial counsel promised him only a twelve-month sentence or that trial counsel pressured him into accepting the plea agreement, these arguments are controverted by the plea hearing transcript, which reflects that his guilty pleas were made knowingly, intelligently, and voluntarily.
 {¶ 7} In a fourth possible issue for review, appellate counsel suggests that the trial court and the State may have denied Young due process of law during the plea hearing. This argument concerns Young's belief that the prosecutor altered the indictment at the plea hearing by omitting details of his offenses when reciting the facts underlying the pleas. Having reviewed the plea hearing transcript, however, we find no denial of due process or unlawful amendment of the indictment. When discussing the offenses at issue, the prosecutor set forth the facts underlying the pleas, and Young agreed that he had done what the prosecutor alleged. Nothing in the plea hearing transcript suggests that the prosecutor or the trial court in any way amended the indictment.
 {¶ 8} Young's pro se arguments are equally without merit. In his first assignment of error, Young alleges ineffective assistance of counsel based on trial counsel's failure to prepare for trial, failure to file any pre-trial motions, misrepresentation of the plea agreement, and failure to object when the agreement was broken. As noted above, however, Young cannot demonstrate ineffective assistance of trial counsel in the context of this direct appeal because the record contains no evidence to support his claims.
 {¶ 9} In his second assignment of error, Young contends that his guilty pleas are "null and void" because the State breached the plea agreement. Having reviewed the plea hearing transcript, however, we find nothing to suggest that the State violated the terms of the agreement. To the contrary, the record demonstrates that Young received exactly what the State promised, to wit: an aggregate two-year sentence to be served concurrently with a prior sentence in a Montgomery County case.[2]
 {¶ 10} In his third assignment of error, Young argues that his guilty pleas were not entered knowingly, intelligently, and voluntarily. In support, he contends that his trial attorney was uninformed about his case and failed to file any motions, made certain misrepresentations to him, and indicated that his sentence would be twelve months rather than twenty-four months. As noted above, however, the record before us does not support any of these allegations. In fact, the plea hearing transcript reflects that Young was satisfied with his attorney's representation and was aware that the plea agreement called for a twenty-four month sentence.
 {¶ 11} In his fourth assignment of error, Young asserts that the trial court violated his due process rights by accepting guilty pleas that were not entered intelligently or voluntarily and that were based on misrepresentations of counsel. Once again, the record contains no evidence to support these claims. The plea hearing transcript demonstrates that the trial court complied with Crim.R. 11, and the record is devoid of any misrepresentations by Young's trial counsel.
 {¶ 12} In his fifth assignment of error, Young argues that the prosecutor and the trial court "changed the face of the indictment in order to procure a plea of guilty." Young appears to believe that the prosecutor amended the indictment and omitted several unidentified elements of the charges against him. We find this argument unpersuasive. The record simply contains nothing to suggest any amendment of the indictment. Furthermore, as noted above, the prosecutor set forth the facts underlying the guilty pleas, and Young agreed that he had done what the prosecutor alleged.
 {¶ 13} Finally, we have fulfilled our obligation under Anders to conduct an independent review of the record, including any transcripts, and have found no potentially meritorious issues for direct appeal. Accordingly, we affirm the judgment of the Greene County Common Pleas Court.
Judgment affirmed.
FAIN, P.J., and WOLFF, J., concur.
[1] Although the record does reveal that defense counsel failed to file motions, it does not demonstrate why motions were not filed. It may be that trial counsel had no viable motions. It also may be that Young's guilty pleas vitiated the need for filing pre-trial motions. In any event, we cannot inquire into these matters in the context of a direct appeal. With regard to the contentions that trial counsel failed to prepare and misstated the plea agreement when conveying it to Young, the record before us contains nothing to support such claims.
[2] In his reply brief, Young suggests that his sentences in the present case and in the Montgomery County case actually are being served consecutively. This argument is incorrect. At the time of his guilty pleas, Young was in prison for a conviction in a Montgomery County case. As noted above, the trial court ordered Young's sentence in the present case to be served concurrently with the Montgomery County sentence. This means only that Young was not required to complete his Montgomery County sentence before beginning to serve his sentence in this case. Contrary to Young's suggestion on appeal, this does not mean that he is entitled to credit in present case for the time he had served in prison on the Montgomery County conviction prior to his guilty pleas in this case.