DECISION AND JUDGMENT
{¶ 1} This appeal is from the January 7, 2008 judgment of the Williams County Court of Common Pleas, which sentenced appellant, James H. Treesh Jr., after he was convicted by the court following the entry of a no contest plea to charges of violating R.C. 2907.05(A)(4), gross sexual imposition. Upon consideration of the assignments of *Page 2 
error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "First Assignment of Error: Whether, the trial court erred in failing to grant appellant's motion to suppress statements made during custodial interrogation.
 {¶ 3} "Second Assignment of Error: Whether the trial court judge committed plain error by not recusing when he was employed as the elected prosecutor during the time period when appellant's charge was being investigated.
 {¶ 4} "Third Assignment of Error: Whether the trial court erred in sentencing appellant to the maximum period of incarceration.
 {¶ 5} "Fourth Assignment of Error: Whether appellant was denied the effective assistance of counsel."
 {¶ 6} On October 18, 2006, appellant was indicted on a single count of rape, a violation of R.C. 2907.02(A)(1)(b). Appellant eventually entered a no contest plea to the amended charge of gross sexual imposition, a violation of R.C. 2907.05(A)(4). On January 7, 2008, appellant was sentenced to the maximum possible sentence of five years of imprisonment.
 {¶ 7} In his first assignment of error, appellant argues that the trial court erred by failing to grant his motion to suppress the statements he made during custodial interrogation. Appellant argues that he believed he was in custody at the time of interrogation and the police officer tricked or coerced appellant into making a statement. Appellant alleges that the investigating officer lied to appellant that the police had DNA *Page 3 
evidence linking him to the crime. Appellant argues that making this type of statement knowing appellant's mental deficiencies led to a highly suggestive and coercive interrogation.
 {¶ 8} Furthermore, appellant argues that he could not have voluntarily, knowingly, and intelligently waived his Miranda rights when he was incompetent to stand trial from the time of his initial evaluation by Court Diagnostics on December 14 and 15, 2006, until August 30, 2007.
 {¶ 9} Appellee asserts that appellant did not raise a Miranda
challenge in the trial court proceedings. When his counsel was asked at trial if there was an issue of compliance with the requirements ofMiranda, he replied that the only issue to be addressed was whether the statements were voluntary. Appellee asserts that these two issues are not the same and, therefore, appellant has waived any error relating to a lack of compliance with Miranda. Furthermore, as to the issue of whether appellant's statements were voluntary or due to a mental deficiency or coercion, appellee argues that it proved that under a totality of the circumstances standard that the statements were made voluntarily.
 {¶ 10} The following evidence was admitted during the hearing on the motion to suppress. The investigating police detective testified that he received a complaint from a parent of a four-year-old girl who had indicated that a neighbor named Jim had inappropriately touched her in August 2006. Appellant was the only person in the neighborhood named Jim, so the officer contacted appellant at his home on October 5, *Page 4 
2006. Prior to this event, the police had intervened in neighborhood disagreements which involved appellant. The officer had no prior information, however, as to appellant's mental competency.
 {¶ 11} The officer identified himself and told appellant about the complaint that had been made. The officer requested that appellant come to the police department to talk to the officer about the complaint. Appellant visited the police station that same day. When appellant arrived at the police station, the officer took appellant to the officer's office and read appellant his Miranda rights. Appellant indicated that he understood his rights and the officer did not observe anything that would make him think otherwise. Appellant sat near the door and nothing prevented him from leaving the room.
 {¶ 12} During that interview, appellant made statements that led to an indictment being issued against him. The interview was taped by the officer, with six minutes of the middle of the interview occurring while the tape was turned off. Following the interview, the officer called the prosecutor's office and informed them of the facts that he had obtained. Appellant was then arrested and taken into custody.
 {¶ 13} Prior to recording the interview, the officer again presented the complaint to appellant. For approximately ten minutes, they discussed the general details prior to turning on the tape recorder to cut down the amount of recording time. After the officer recorded the interview, he thought the interview was over and turned the recorder off. The officer testified that while the recorder was turned off, there is a possibility that he told appellant that the police had DNA evidence implicating appellant, but the officer *Page 5 
could not recall having specifically made that statement. When the recorder was turned back on, appellant made statements about DNA. Appellant stated that the only way that there could be any of his DNA in the victim was when he had accidentally digitally penetrated her while playing together.
 {¶ 14} The trial court considered the totality of the circumstances of the interview and found that the officer was credible, appellant appeared quite clear and lucid, and there was no evidence of coercive police activity. Therefore, the trial court determined that appellee had established that appellant's statements had been made voluntarily.
 {¶ 15} Because the trial court's ruling on a motion to suppress involves a mixed question of law and fact, the appellate court accepts the trial court's findings of fact if they are supported by competent and credible evidence. State v. Roberts, 110 Ohio St.3d 71,2006-Ohio-3665, ¶ 100, reconsideration denied (2006),111 Ohio St.3d 1418. Having accepted the facts as true, the appellate court then independently reviews the legal question of whether the facts support the denial of the motion. Id.
 {¶ 16} Appellant not only did not raise the issue of Miranda
violations, his counsel specifically stated that the issue he sought to present was not a Miranda violation. Instead, he argued only that the statements made by appellant were not voluntary. Therefore, appellant has waived any error related to appellant's Miranda rights, State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 21-31, and we need not consider if such error rises to the level of plain error. *Page 6 
 {¶ 17} As to the voluntariness of appellant's statements, the Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits the use of coerced, involuntary confessions, whether the statements were coerced by physical or psychological pressure. Rogers v. Richmond (1961), 365 U.S. 534, 541, and State v.Chase (1978), 55 Ohio St.2d 237, 246. When making a determination of whether the confession was voluntarily made, the trial court considers the "totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." State v.Edwards (1976), 49 Ohio St.2d 31, paragraph two of the syllabus, certiorari granted and judgment vacated on other grounds by (1978),438 U.S. 911, and State v. Brooks, 75 Ohio St.3d 148, 154, 1996-Ohio-134, reconsideration denied (1996), 75 Ohio St.3d 1452.
 {¶ 18} In this case, the evidence supports the trial court's finding that the confession was voluntary. During a pretrial suppression hearing, the arresting police officer testified that appellant came to the police station on his own, he freely talked with the officer, and he did not appear to be impaired. Appellant did not present any contradictory evidence.
 {¶ 19} Appellant first argues on appeal that because he was later declared incompetent to stand trial, he must have been incompetent at the time he confessed. The fact that appellant was incompetent in December 2006 does not unequivocally prove that he was incompetent two months earlier. Appellant did not demonstrate any behavior at *Page 7 
the time of the interview that the officer noted. Appellant provided no evidence that appellant was demonstrating a mental disorder at that time or that the officer was aware of any prior mental deficiency.
 {¶ 20} Appellant argued in his motion to suppress and on appeal that the officer coerced appellant into confessing by threatening him that the police had DNA which implicated him in the crime. Appellant argues that this false statement, when combined with appellant's mental state, resulted in a coerced confession.
 {¶ 21} First, appellant did not testify at the motion to suppress hearing that the officer did make such a statement. The officer testified that he could not recall having made the statement. Appellant bases his argument on appeal solely on the fact that appellant made a statement during the interview, after the tape recorder had been turned off for several minutes, about DNA. Clearly something prompted appellant to begin to talk about DNA, but there is nothing to substantiate that it was due to the officer's statements. Further-
 {¶ 22} more, the statements appellant made after the gap in the recording were similar to the statements that he had already made — that if he had inappropriately touched the victim, it would have been by accident. Second, even if we assume that the officer lied to appellant, this would only be one factor we would consider with respect to whether appellant's will was overcome and his confession was coerced.State v. Cooey (1989), 46 Ohio St.3d 20, 27, superseded on other grounds by constitutional amendment *Page 8 
as stated in State v. Smith, 80 Ohio St.3d 89, 102, fn. 4. See, also,Schmidt v. Hewitt (C.A.3, 1978), 573 F.2d 794, 801.
 {¶ 23} Finally, there is no evidence that appellant was mentally ill at the time of the interview, other than the circumstantial evidence that he was declared incompetent to stand trial approximately two months later. Having listened to the interrogation recording, we find nothing to suggest that appellant did not fully understand what he was doing or that he was not being coerced into confessing to the crime. Appellant's first assignment of error is not well-taken.
 {¶ 24} In his second assignment of error, appellant argues that the trial court judge erred by failing to recuse himself because he had been employed as the elected prosecutor until December 31, 2006, while appellant's charge was being investigated. Appellant argues that his case was investigated between August 25 and September 17, 2006. Appellee argues that there is no evidence that the judge would have been involved in this case until after October 5, 2006, the day appellant was arrested. The police did not become involved in this case until September 17, 2006 and did not interrogate appellant until October 5, 2006.
 {¶ 25} The appellate court does not have jurisdiction to reverse or void a trial court judgment on the basis that the trial court judge should have been disqualified because of his bias or prejudice. Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442. Therefore, we find appellant's second assignment of error not well-taken. *Page 9 
 {¶ 26} In his third assignment of error, appellant argues that the trial court erred when it considered appellant's statements to the police and determined that a mandatory prison term was warranted. Appellant's argument is solely based on the argument that his statements should have been suppressed. Having found that the motion to suppress the statements was properly denied, we find appellant's third assignment of error not well-taken.
 {¶ 27} In his fourth assignment of error, appellant argues that he was denied his constitutional right to effective assistance of counsel. Appellant contends that his appointed counsel erred by not filing a motion seeking the judge's recusal or disqualification.
 {¶ 28} To establish a claim of ineffective assistance of appointed counsel, the defendant must show that his counsel's representation "fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Strickland v.Washington (1984), 466 U.S. 668, 687, and State v. Bradley (1989),42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Generally, when the action of the appointed counsel amounts to a trial tactic, it cannot later be used in a challenge that the trial counsel rendered ineffective assistance of counsel. State v. Hamblin (1988), 37 Ohio St.3d 153, 157, certiorari denied (1988), 488 U.S. 975. Without evidence to the contrary, we presume that the failure to file a motion to recuse a judge was a strategic decision. State v. Reine, 4th Dist. No. 06CA3102,2007-Ohio-7221, ¶ 1. Furthermore, because there is no evidence in the record to support *Page 10 
appellant's contentions, it is not proper to raise this issue on appeal.State v. Cooperrider (1983), 4 Ohio St.3d 226, 228, and State v.Lawless, 5th Dist. No. CT2000-0037, at 7, 2002-Ohio-3686. We find appellant's fourth assignment of error not well-taken.
 {¶ 29} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1